■ FIREMEN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY, Respondent, v. NORMAN GRAY et al., Defendants, and ALLSTATE INSURANCE COMPANY et al., Appellants.— Appeals from an order of the Supreme Court at Special Term, entered January 3, 1972 in Albany County, which directed (1) discovery and inspection of the claim, and (2) underwriting files of the defendant insurance companies. In this action for a declaratory judgment, it appears that the plaintiff insurance company is required to provide uninsured motorist coverage for injuries sustained by one Robert Gray who was struck by an automobile operated by Kenneth L. Dionne who had obtained possession of said automobile from Hyman Rothenberg, a used car dealer, in the event that the disclaimers of the defendant insurance companies are declared valid. Pursuant to a notice of examination before trial which required the production of the claim and underwriting files of the defendant, Newark Insurance Company, the said company appeared by its attorney at the time and place set for the examination at which time it refused to permit discovery and inspection of said files except as to certain listed items on the ground that the balance of the file was privileged, in that it was prepared for litigation and,

therefore, not subject to discovery or inspection. The plaintiff then moved for an order to compel disclosure of the contents of the files. Defendant, All-state Insurance Company, was also served with a similar notice of examination before trial and thereafter moved for a protective order to vacate the notice on the grounds that its files consisted of items prepared by the defendant or its agents for litigation and that the items sought were not sufficiently particularized. Special Term considering both motions determined that the underwriting file and claim file of each defendant are subject to disclosure in that they did not consist of material prepared for litigation of this action for a declaratory judgment which was against the insurers themselves as distinguished from litigation of an action against their insureds which they were called upon to defend. (*Bennett* v. *Troy Record Co.*, 25 A D 2d 799; CPLR 3101.) "An investigation conducted to defend an insured against a possible legal action is not material prepared for legal action as against the insurer himself." (*Collins* v. *Jamestown Mut. Ins. Co.*, 32 A D 2d 725.) Order affirmed, with one bill of costs to respondent. Staley, Jr., J. P., Cooke, Sweeney, Kane and Main, JJ, concur.