■ COOPER-RUTTER ASSOCIATES, INC., Respondent, v ANCHOR NATIONAL LIFE INSURANCE Co. et al., Appellants.—In an action, *inter alia,* to recover damages for breach of contract, the defendants appeal from so much of an order of the Supreme Court, Dutchess County (Jiudice, J.), entered February 27, 1990, as denied those branches of their motion which were for a protective order with respect to two items sought by the plaintiff during pretrial disclosure, identified by the defendants as items numbered 57 and 65 on a schedule of purportedly privileged documents.

Ordered that the order is affirmed insofar as appealed from, with costs.

This appeal concerns so much of an order of the Supreme Court as denied the defendants' motion for a protective order with respect to two documents sought by the plaintiff during pretrial disclosure. Based upon our in camera review of the disputed documents, two handwritten memoranda prepared by an individual who was both in-house counsel and corporate secretary to one of the defendants, we conclude that the defendants did not sustain their burden of establishing that the documents were shielded by the attorney-client privilege *(see, Matter of Priest v Hennessy,* 51 NY2d 62, 68-69). The documents, prepared more than six months prior to the commencement of the instant action, concern both the business and legal aspects of the defendants' ongoing negotiations with the plaintiff with respect to the business transaction out of which the underlying lawsuit ultimately arose. As such, the documents were not primarily of a legal character, but expressed substantial nonlegal concerns *(see, Rossi v Blue Cross*

& *Blue Shield,* 73 NY2d 588; *Matter of Grand Jury Subpoena [Bekins Record Stor. Co.],* 62 NY2d 324; 5 Weinstein-Korn-Miller, NY Civ Prac § 4503.05). Under these circumstances, the Supreme Court properly determined that the documents were not shielded by the attorney-client privilege and therefore were discoverable. Thompson, J. P., Lawrence, Kunzeman and Rosenblatt, JJ., concur.