■ HANNAH SULNER, Appellant, v G.A. INSURANCE COMPANY OF NEW YORK et al., Respondents. [637 NYS2d 144] —Order, Supreme Court, New York County (Carol Huff, J.), entered April 13, 1995, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The policy of insurance which plaintiff purchased from defendant G.A. Insurance Company, covering, in part, loss to the valuable documents and papers in her care and custody, contained a condition precedent that provided that "[w]henever you are not open for business, and except while you are actually using the property, you must keep 'all valuable papers and records' in receptacles that are described in the Coverage Summary." These receptacles must be "METAL FILE CABINETS U.L. APPROVED". It is undisputed that plaintiff was not open for business when flooding occurred in her office and that the soaked documents, which were not in use at the time, had been removed from the metal file cabinets to facilitate renovations being made to the premises.

As the Court of Appeals recently explained in *Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co.* (86 NY2d 685, 688,

691) an express condition precedent, such as the one involved herein, must be literally complied with before the claimant may recover *(see also, Charney v Commonwealth Land Tit. Ins. Co.,* 215 AD2d 152). Since plaintiff has conceded that she failed to perform a condition precedent under the insurance policy, she is not entitled to collect for any loss to the valuable documents, and it is irrelevant whether the breach of the condition precedent was the cause of all or part of the water damage to the valuable documents or that the subject policy lacked a specific pronouncement that the lack of performance would result in a loss of coverage.

Plaintiff, nonetheless, maintains that notwithstanding that the insurer was aware that the documents had not been in metal cabinets when the flooding took place, defendants never denied the claim and, indeed, continued to investigate it for nearly two years, thereby giving her the right to expect that the insurer would not invoke the "safe storage" condition as a defense. It is, thus, plaintiff's contention that defendants have waived and/or are estopped from relying upon her breach of the condition precedent. The rule of estoppel is limited to those instances in which the insured has been prejudiced by the insurer's conduct *(see, Guberman v William Penn Life Ins. Co.,* 146 AD2d 8, 12). Plaintiff failed to demonstrate that defendant lulled her into relinquishing her rights under the insurance policy. While an insurer's right to disclaim coverage on a policy exclusion can be defeated only by estoppel, the insurer may, nonetheless, waive the right to disclaim based upon the insured's noncompliance with a condition precedent *(New York Univ. v Continental Ins. Co.,* 87 NY2d 308, 323; *see also, Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co., supra).* It is the insured's burden to show that there was "a clear manifestation of intent" by the insurer to abandon its right to assert a defense *(Gilbert Frank Corp. v Federal Ins. Co.,* 70 NY2d 966, 968). Plaintiff's unsupported, conclusory allegation that the insurer's adjusters led her to believe that defendants were waiving their right to enforce the express condition precedent in the policy is wholly insufficient to establish such "a clear manifestation of intent". Concur—Murphy, P. J., Rosenberger, Rubin, Tom and Mazzarelli, JJ.