■ ADRIENNE BROWN, Respondent, v STATE FARM INSURANCE Co. et al., Appellants. [655 NYS2d 104] —In an action to recover damages for breach of a homeowner's insurance policy, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated April 4, 1996, as granted the plaintiff's motion to dismiss their first, second, and third affirmative defenses.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted that branch of the plaintiff's motion which was to dismiss the defendants' second affirmative defense, and substituting therefor a provision denying that branch of the plaintiff's motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff's home, which was covered by a homeowner's policy issued by the defendant insurance carriers (hereinafter collectively State Farm), was damaged by two fires in September 1993. State Farm disclaimed coverage for the losses in January 1995 on the ground that the plaintiff misrepresented material facts regarding the losses. In the disclaimer letter, State Farm reserved its right to raise other grounds for the denial of coverage. The plaintiff commenced this action to recover damages under the terms of the homeowner's policy. Upon the plaintiff's motion, the Supreme Court dismissed the first three of the ten affirmative defenses asserted by State Farm in its answer.

We conclude that the Supreme Court properly dismissed State Farm's first affirmative defense, which alleged that the plaintiff made material misrepresentations with respect to the losses, and the third affirmative defense, which alleged that the plaintiff made false and misleading statements in connection with her application for insurance. State Farm's answer to the complaint offered only conclusory allegations of misrepresentations, and failed to provide any details to support these defenses *(see,* CPLR 3016 [b]; *see, e.g., Callas v Eisenberg,* 192 AD2d 349). Moreover, State Farm was properly denied permission to replead its first and third affirmative defenses. Even though two years had elapsed since the fires, and State Farm had obtained documents and statements under

oath from the plaintiff and her parents, it failed to offer any evidence to establish that these defenses were meritorious *(see,* CPLR 3211 [e]; *Jaro Constr. Corp. v Weiner,* 209 AD2d 585).

The Supreme Court erred in dismissing State Farm's second affirmative defense, which alleged that the fires were intentionally caused by or with the consent of the plaintiff. The Supreme Court reasoned that State Farm was precluded from relying on this ground as it was not asserted in the original notice of disclaimer. However, because this case involves property insurance, Insurance Law § 3420 (d) does not apply, and the plaintiff was required to show either that State Farm waived this ground for denying coverage or that she would be prejudiced if State Farm was permitted to assert it as a new ground for denying coverage *(see, Incorporated Vil. of Pleasantville v Calvert Ins. Co.,* 204 AD2d 689; *Ferraraccio v Hartford Ins. Co.,* 187 AD2d 954; *Kamyr, Inc. v St. Paul Surplus Lines Ins. Co.,* 152 AD2d 62; *see also, Guberman v William Penn Life Ins. Co.,* 146 AD2d 8). As the plaintiff failed to make the required showing, State Farm's second affirmative defense should not have been dismissed. Rosenblatt, J. P., O'Brien, Copertino and Goldstein, JJ., concur.