■ CROSS BAY CONTRACTING CORP., Appellant, v TOWN OF ISLIP RESOURCE RECOVERY AGENCY, Respondent, et al., Additional Counterclaim Defendants. [657 NYS2d 923] —In an action, *inter alia,* to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Floyd, J.), dated December 20, 1995, which denied its motion to compel the defendant Town of Islip Resource Recovery Agency to respond to certain questions propounded at examinations before trial regarding documents claimed to be protected by the attorney-client privilege, and granted the defendant's cross motion for a protective order declaring such documents to be privileged.

Ordered that the appeal from that portion of the order which denied the plaintiff's motion is dismissed; and it is further,

Ordered that the appeal from that portion of the order which granted the defendant's motion for a protective order is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The portion of the order which denied the plaintiff's motion essentially determined an application to review objections to questions propounded at an examination before trial, and, therefore, is not appealable as of right *(see, Smith v Konica*

*Bus. Machs.*, 232 AD2d 398; *Bihn v Wavecrest Apts. Corp.*, 222 AD2d 640; *Lachowski v Lehrer McGovern Bovis*, 220 AD2d 390).

The Supreme Court correctly granted the defendant's motion for a protective order. "In order to make a valid claim of privilege, it must be shown that the information sought to be protected from disclosure was a 'confidential communication' made to the attorney for the purpose of obtaining legal advice or services" *(Matter of Priest v Hennessy*, 51 NY2d 62, 69; *see, Coastal Oil N. Y. v Peck*, 184 AD2d 241). In the instant case, the defendant established that the subject documents are "primarily or predominantly of a legal character" *(Rossi v Blue Cross & Blue Shield*, 73 NY2d 588, 594; *cf., Cooper-Rutter Assocs. v Anchor Natl. Life Ins. Co.*, 168 AD2d 663).

The plaintiff's remaining contentions are without merit. Mangano, P. J., Ritter, Sullivan, Altman and McGinity, JJ., concur.