■ Bertalo's Restaurant Inc., Appellant, v Exchange Insurance Company, Respondent. [658 NYS2d 656] —In an action, *inter alia,* to recover damages for breach of a property insurance policy, the plaintiff appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Westchester

County (Gurahian, Special Referee), entered February 27, 1996, as denied those branches of its motion which were for (a) summary judgment dismissing the defendant's affirmative defenses, (b) partial summary judgment to recover under the policy, (c) leave to serve an amended complaint asserting five additional causes of action, and (d) leave to assert a sixth cause of action to recover damages for conversion which imposed a condition thereon, (2), as limited by its brief, from so much of an order of the same court (Gurahian, Special Referee), entered April 17, 1996, as denied that branch of its motion which was to impose sanctions upon the defendant and its counsel, and (3), as limited by its brief, from so much of an order of the same court (Scarpino, J.), entered April 19, 1996, as, upon renewal by the defendants, modified a prior order of the same court granting its motion to compel discovery, and denied those branches of its motion which were to compel discovery of documents 1-8, 11-18, and 20-26, in the privilege log and granted those branches of its motion which were to compel discovery of documents 19, 27, 28, and 29 only to the extent of compelling discovery of those documents as redacted.

Ordered that the order entered February 27, 1996, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order entered April 17, 1996, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order entered April 19, 1996, is modified by deleting the provisions thereof which denied those branches of the plaintiff's motion which were to compel discovery of documents 1-8, 11, 12, and 14-18, and 20-26 in the privilege log and directed discovery of documents numbered 19 and 27-29 only as redacted and substituting therefor a provision granting the motion to compel discovery of documents 1-8, 11, 12, 14-29 in the privilege log in their entirety; as so modified, the order is affirmed insofar as appealed from, with costs or disbursements.

The plaintiff, a fire insurance policyholder (hereinafter the policyholder), contends that the defendant insurance carrier made an internal decision to deny coverage of its fire damage claim but failed to disclose that decision, while continuing to solicit the policyholder's cooperation. It was not until approximately two months after the action was initiated that the carrier advised the policyholder that coverage was denied on the basis, *inter alia,* that the policyholder was a procuring cause of the fire that destroyed the property. The policyholder argues that the carrier waived its affirmative defenses and should be estopped from relying on those defenses.

We reject the carrier's contention that a property damage insurance carrier has no duty to inform its policyholder at any time that it intends to deny coverage. Although the date that the carrier makes a firm decision to reject the claim is not necessarily the date it issues a disclaimer, once a demand for payment has been made and a "firm decision to reject a claim" has been made, the carrier is obligated to issue a disclaimer of coverage (see, Landmark Ins. Co. v Beau Rivage Rest., 121 AD2d 98, 101). However, the denial of the policyholder's motion to dismiss the affirmative defenses asserted by the insurance carrier was appropriate because, in the case before us, the policyholder failed to establish that the carrier's defenses were waived or that the policyholder was prejudiced to such an extent that the carrier should be estopped from asserting the defenses (see, Brown v State Farm Ins. Co., 237 AD2d 476; Ferraraccio v Hartford Ins. Co., 187 AD2d 954).

While it was within the court's discretion to grant renewal to the carrier on the plaintiff's motion to compel production of certain documents that the carrier alleges were protected by the attorney-client privilege, we are not persuaded that the majority of the documents requested are within the privilege. Reports by attorneys upon examining property damage claims which are made before an insurance carrier has decided to deny coverage are not protected from disclosure either as work product or materials prepared in anticipation of litigation (see, Westhampton Adult Home v National Union Fire Ins. Co., 105 AD2d 627, 628). A review of the documents submitted for inspection establishes that they consist primarily of reports made by the attorneys who conducted the investigation of the claim on behalf of the defendant carrier, and communications from the carrier to those attorneys.

In order to raise a valid claim of privilege, the party seeking to withhold the information must show that it was a "confidential communication" made between the attorney and the client in the context of legal advice or services (see, Matter of Priest v Hennessy, 51 NY2d 62, 69; Coastal Oil N. Y. v Peck, 184 AD2d 241). Documents which are "not primarily of a legal character, but [express] substantial nonlegal concerns" are not privileged (Cooper-Rutter Assocs. v Anchor Natl. Life Ins. Co., 168 AD2d 663). However, "[s]o long as the communication is primarily or predominantly of a legal character, the privilege is not lost merely by reason of the fact that it also refers to certain nonlegal matters" (Rossi v Blue Cross & Blue Shield, 73 NY2d 588, 594).

" '[T]he payment or rejection of claims is a part of the regu-

lar business of an insurance company. Consequently, reports which aid it in the process of deciding which of the two indicated actions to pursue are made in the regular course of its business'" *(Landmark Ins. Co. v Beau Rivage Rest., supra,* at 101, quoting *Millen Indus. v American Mut. Liab. Ins. Co.,* 37 AD2d 817). Merely because such an investigation was undertaken by attorneys will not cloak the reports and communications with privilege *(see, Spectrum Sys. Intl. Corp. v Chemical Bank,* 78 NY2d 371, 377) because the reports, although prepared by attorneys, are prepared as part of the "regular business" of the insurance company. Therefore, those communications which occurred before the date that the defendant had reasonable grounds to reject the claim *(see, Landmark Ins. Co. v Beau Rivage Rest., supra,* at 101) are not immune from discovery. In opposition to the motion to compel, the defendant argued that the decision to deny coverage was made at or about the time this action was commenced, December 21, 1994. As all but document number 13 in the privilege log were prepared prior to that date, the plaintiff is entitled to discovery of all documents except number 13. In view of this finding we do not reach the remaining privilege arguments.

In view of the trial court's broad discretion in supervising disclosure, its determination that sanctions are not warranted must not be disturbed absent an improvident exercise of that discretion *(Cruzatti v St. Mary's Hosp.,* 193 AD2d 579, 580; *Meraner v Albany Med. Ctr.,* 211 AD2d 867). There is no basis to disturb the court's determination that the defendant's conduct did not warrant sanctions. There is also no basis for disturbing the denial of the motion for leave to serve an amended complaint. Bracken, J. P., Rosenblatt, Thompson and Krausman, JJ., concur.