■ ZACHARY WOODSON et al., Respondents, v AMERICAN TRANSIT INSURANCE COMPANY, Appellant, et al., Defendants. TRACY WOODSON, Respondent, v AMERICAN TRANSIT INSURANCE COMPANY, Appellant, et al., Defendants. [720 NYS2d 467] —Order, Supreme Court, New York County (Herman Cahn, J.), entered September 8, 2000, which, *inter alia*, granted the motion of plaintiff Tracy Woodson, in her capacity as receiver for John Densby, to confirm the report of the Special Referee, dated March 31, 2000, directing that various documents as to which the claim of attorney-client and work product privilege had been made by defendant American Transit Insurance Company (ATIC) be produced, unanimously affirmed, with costs.

In this action alleging, *inter alia*, that defendant insurer ATIC acted in bad faith when it denied its insured, John Densby, a defense in a personal injury action, ATIC's various assertions of the attorney-client privilege to avoid discovery of materials respecting its handling of the claim against Densby were properly rejected. Inasmuch as the client in the attorney-client relationship at issue was the insured, Densby, and not the insurer, ATIC, the privilege asserted properly belonged to Densby and was, therefore, waivable by Densby or by Densby's receiver, Woodson, notwithstanding Woodson's status as a plaintiff in the related personal injury litigation. We note, moreover, that materials prepared by an insurer in contemplation of defending a claim against an insured are not privileged in subsequent litigation by the insured against the insurer respecting the insurer's handling of the claim (*see*, *Firemen's Ins. Co. v Gray*, 41 AD2d 863). Indeed, where, as here, it is alleged that the insurer has breached a duty to its insured, the insurer may not use the attorney-client or work product privilege to shield from disclosure material relevant to the insured's

bad faith action (see, Zurich Ins. Co. v State Farm Mut. Auto. Ins. Co., 137 AD2d 401). Concur—Tom, J. P., Andrias, Ellerin, Rubin and Saxe, JJ.