■ ALL WASTE SYSTEMS, INC., Respondent, v GULF INSURANCE COMPANY, Appellant, et al., Defendants. (And a Third-Party Action.) [743 NYS2d 535] —In an action for a judgment declaring that the defendant Gulf Insurance Company is obligated to provide insurance coverage to and indemnify the plaintiff in an action entitled Mann v All Waste Systems, Inc., pending in the Supreme Court, Orange County, under Index No. 7848/97, the defendant Gulf Insurance Company appeals from (1) an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated October 31, 2001, which, in effect, held the plaintiff's mo-

tion to compel disclosure in abeyance, pending a sua sponte in-camera review of the subject documents, and (2) an order of the same court, dated January 4, 2002, which granted the plaintiff's motion to compel disclosure of the subject documents.

Ordered that the appeal from the order dated October 31, 2001, is dismissed; and it is further,

Ordered that the order dated January 4, 2002, is reversed, and the motion is denied; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The order dated January 9, 2002, did not decide the plaintiff's motion. Accordingly, the appeal must be dismissed because the plaintiff's motion was pending and undecided at that time (*see Katz v Katz,* 68 AD2d 536). In any event, the order dated October 31, 2001, was superseded by the order dated January 4, 2002.

Gulf Insurance Company (hereinafter Gulf) asserted a claim of privilege in denying disclosure of coverage opinion reports and attached draft disclaimer letters which outside legal counsel prepared for it. The plaintiff All Waste Systems, Inc. (hereinafter All Waste), sought to compel disclosure of the subject documents because, inter alia, the reports and draft disclaimer letters were prepared in the regular course of business and were not shielded by privilege.

Generally, the party asserting a privilege has the burden of establishing the right to such privilege and must show that the information sought to be protected from disclosure was a confidential communication from an attorney to a client for the purpose of obtaining legal advice or services (*see Spectrum Sys. Intl. Corp. v Chemical Bank,* 78 NY2d 371; *Matter of Priest v Hennessy,* 51 NY2d 62; *Cross Bay Contr. Corp. v Town of Islip Resource Recovery Agency,* 238 AD2d 461). Further, as long as the communication is primarily or predominately of a legal character, the privilege is not lost because it contains or refers to some nonlegal concerns (*see Rossi v Blue Cross & Blue Shield of Greater N.Y.,* 73 NY2d 588; *Bertalo's Rest. v Exchange Ins. Co.,* 240 AD2d 452).

The documents that All Waste seeks to obtain are primarily and predominately legal in nature and, in their full content and context, were made to render legal advice or services to Gulf (*see Spectrum Sys. Intl. Corp. v Chemical Bank, supra; Rossi v Blue Cross & Blue Shield of Greater N.Y., supra*). Accordingly, the documents are privileged and the Supreme Court erred in compelling their disclosure.

The plaintiff's remaining contention is without merit. Prudenti, P.J., Smith, Friedmann and Adams, JJ., concur.