(October 25, 2004)

■ GEORGE E. BOMBARD, Respondent, v AMICA MUTUAL INSURANCE COMPANY, Appellant. [783 NYS2d 85]—

In an action, inter alia, for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiff in a

personal injury action pending in the Supreme Court, Nassau County, under index No. 17777/02, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (McCarty, J.), dated April 19, 2004, as granted that branch of the plaintiff's motion which was to compel the defendant to respond to the plaintiff's notice for discovery and inspection insofar as it sought disclosure of documents prepared between December 31, 2002, and February 4, 2003.

Ordered that the order is affirmed insofar as appealed from, with costs.

The party asserting the privilege provided by CPLR 3101 (d) bears the burden of demonstrating that the material it seeks to withhold is immune from discovery (*see Koump v Smith*, 25 NY2d 287, 294 [1969]) by identifying the particular material with respect to which the privilege is asserted and establishing with specificity that the material was prepared exclusively in anticipation of litigation (*see Chakmakjian v NYRAC, Inc.*, 154 AD2d 644, 645 [1989]; *Crazytown Furniture v Brooklyn Union Gas Co.*, 145 AD2d 402 [1988]). The Supreme Court correctly held that the defendant's conclusory assertions failed to satisfy this burden. In fact, on the limited record that was before the Supreme Court, it was apparent that the asserted privilege is inapplicable.

"[T]he payment or rejection of claims is a part of the regular business of an insurance company. Consequently, reports which aid it in the process of deciding which of the two indicated actions to pursue are made in the regular course of its business" (*Landmark Ins. Co. v Beau Rivage Rest.*, 121 AD2d 98, 101 [1986] [internal quotation marks omitted]). Reports prepared by insurance investigators, adjusters, or attorneys before the decision is made to pay or reject a claim are thus not privileged and are discoverable (*see Landmark Ins. Co. v Beau Rivage Rest., supra* at 101; *see also Bertalo's Rest. v Exchange Ins. Co.*, 240 AD2d 452, 454 [1997]; *Roman Catholic Church of Good Shepherd v Tempco Sys.*, 202 AD2d 257, 258 [1994]; *Paramount Ins. Co. v Eli Constr. Gen. Contr.*, 159 AD2d 447 [1990]), even when those reports are "mixed/multi-purpose" reports, motivated in part by the potential for litigation with the insured (*see Landmark Ins. Co. v Beau Rivage Rest., supra* at 102; *see also McKie v Taylor*, 146 AD2d 921 [1989]).

Here, the record belies the defendant's contention that the decision to deny coverage had been made by December 31, 2002, the date of the reservation of rights letter. The language of that letter, as well as the subsequent disclaimer letter, clearly

established that the defendant's investigation of the incident and the facts related to the plaintiff's notice of the incident was ongoing and that it was not until the disclaimer letter, dated February 4, 2003, that there was a firm decision to reject the plaintiff's claim. Since it was only at that time that the files became privileged, the Supreme Court properly directed the defendant to comply with the plaintiff's request for the production of the material previously prepared. Santucci, J.P., Adams, Mastro and Spolzino, JJ., concur.