■ DIAMOND STATE INSURANCE COMPANY, as Subrogee of GENTRY APARTMENTS, INC., Appellant, v UTICA FIRST INSURANCE COMPANY, Respondent. [829 NYS2d 465]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered July 25, 2006, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion to compel disclosure of all materials from defendant's claim file which postdate defendant's disclaimer and predate the expiration of defendant's 30-day settlement period, except those containing privileged communications between defendant and

present counsel in connection with this action, and any documents concerning any interpretation of defendant's roofing exclusion in connection with other claims against defendant's insureds which predate the expiration of defendant's settlement period, unanimously reversed, on the law, without costs, and the motion granted to that extent.

This subrogation action arises from a fire on the roof of premises owned by Gentry Apartments, Inc., plaintiff Diamond State Insurance Company's insured. Diamond alleges that La Pioggia Construction Corp., defendant Utica First Insurance Company's insured, was using a torch to seal a leak on the roof of the premises when a fire broke out. Defendant disclaimed coverage for La Pioggia, relying on the roofing operating exclusion endorsement of its insurance policy. Diamond paid Gentry the loss and commenced an action as Gentry's subrogee against La Pioggia in an underlying action. Diamond obtained a default judgment against La Pioggia in the underlying action and gave Utica 30 days to tender its policy. After Utica failed to respond, Diamond commenced the instant action, alleging, inter alia, that Utica, in bad faith, refused to tender its policy.

Diamond sought discovery, and Utica lodged various objections. At issue on this appeal are (1) seven documents from Utica's claim file which postdate its disclaimer and predate its 30-day settlement period,* and (2) documents concerning any interpretation of Utica's roofing exclusion policy in connection with claims against other insureds of Utica which predate the expiration of Utica's 30-day settlement period. Supreme Court denied plaintiff's request for these documents. We reverse and direct their production.

New York law requires full disclosure of all material and necessary matter to prosecute or defend an action (*see* CPLR 3101 [a]; *Spectrum Sys. Intl. Corp. v Chemical Bank*, 78 NY2d 371, 376 [1991]). Here, Diamond alleges that Utica acted in bad faith when it disclaimed coverage. As Supreme Court correctly observed, "[a] discovery motion is not the appropriate vehicle for resolution of substantive claims." However, the motion court unduly restricted Diamond's discovery request. Disclosure should have been granted with respect to Utica's other insureds' claims involving the same policy exclusion, since Utica's prior interpretation of that exclusion directly reflects on whether its proffered interpretation and its refusal to settle in this case were in bad faith. Furthermore, this Court has held that an

---

* Diamond does not challenge the withholding of the remaining six items which Utica identified in its privilege log as communications with Utica's counsel in this action.

insurer may not use attorney-client, litigation or work product privileges to shield it from disclosing relevant information in an action predicated on bad faith (see *Woodson v American Tr. Ins. Co.*, 280 AD2d 328 [2001]). Accordingly, the motion court should have granted disclosure of the materials from defendant's claim file which postdate defendant's disclaimer and predate the expiration of defendant's 30-day settlement period, except those which Diamond does not challenge on appeal.

Notwithstanding Utica's contrary contention, the record is sufficiently complete to allow appellate review. Concur—Tom, J.P., Marlow, Williams, Gonzalez and Catterson, JJ.