■ NEW YORK MARINE AND GENERAL INSURANCE COMPANY et al., Respondents, v SIRIUS AMERICA INSURANCE COMPANY, Appellant, et al., Defendants. [923 NYS2d 330]—

In an action, inter alia, for a judgment declaring that the defendant Sirius America Insurance Company is obligated to defend and indemnify the plaintiff Andresson & Bulgin Construction, Inc., and the defendant Jeffrey D. Gagliotti, doing business as Eminence Enterprises, in an underlying personal injury action entitled *Petersen v Borrok*, pending in the Supreme Court, Suffolk County, under index No. 30513/05, the defendant Sirius America Insurance Company appeals from so much of an order of the Supreme Court, Suffolk County (Whelan, J.), entered May 28, 2010, as granted that branch of the plaintiffs' motion which was to compel it to respond to the plaintiffs' notice to produce dated January 6, 2010, insofar as the notice to produce sought disclosure of an agency agreement between it and nonparty UTC Risk Management Services, Inc.

Ordered that the order is affirmed insofar as appealed from, with costs.

A party asserting that material sought in disclosure is privileged bears the burden of demonstrating that the material it seeks to withhold is immune from discovery (*see Koump v*

*Smith*, 25 NY2d 287, 294 [1969]; *Bombard v Amica Mut. Ins. Co.*, 11 AD3d 647, 648 [2004]; *All Waste Sys. v Gulf Ins. Co.*, 295 AD2d 379, 380 [2002]). Here, the defendant Sirius America Insurance Company (hereinafter the appellant) failed to meet its burden of establishing that the subject agency agreement between itself and nonparty UTC Risk Management Services, Inc., is privileged or otherwise exempt from discovery (*see Diamond State Ins. Co. v Utica First Ins. Co.*, 37 AD3d 160, 161-162 [2007]; *Bertalo's Rest. v Exchange Ins. Co.*, 240 AD2d 452, 455 [1997]). Accordingly, the Supreme Court properly granted that branch of the plaintiffs' motion which was to compel the appellant to respond to the plaintiffs' notice to produce dated January 6, 2010, insofar as it sought disclosure of the agency agreement. Rivera, J.P., Angiolillo, Eng, Chambers and Sgroi, JJ., concur.