■ NORTH STATE AUTOBAHN, INC., et al., Appellants, v PROGRESSIVE INSURANCE GROUP et al., Respondents. [924 NYS2d 295]—

In an action, inter alia, to recover damages for fraud, the plaintiffs appeal from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered May 25, 2010, as granted that branch of the defendants' motion which was for a protective order precluding the plaintiffs from compelling defense witness Victor Politzi to answer certain questions at his deposition on the ground of attorney-client privilege.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for an in camera inspection of answers, to be supplied by Victor Politzi in writing, that are responsive to the disputed deposition questions posed by the plaintiffs' counsel at the prior deposition of Victor Politzi regarding a certain letter dated July 3, 2007, and for a new determination thereafter of the defendants' motion for a protective order.

The Supreme Court improvidently exercised its discretion in granting the defendants' motion for a protective order precluding the plaintiffs from compelling defense witness Victor Politzi to answer certain questions posed to him by the plaintiffs' counsel during his deposition on the ground of attorney-client privilege. "In order to make a valid claim of privilege, it must be shown that the information sought to be protected from disclosure was a confidential communication made to the attorney for the purpose of obtaining legal advice or services" (*Matter of Priest v Hennessy,* 51 NY2d 62, 69 [1980] [internal quotation marks omitted]; *see Cross Bay Contr. Corp. v Town of Islip Resource Recovery Agency,* 238 AD2d 461, 462 [1997]). In

the instant case, the defendants failed to establish that the answers sought by the plaintiffs during their questioning of Politzi in connection with a letter dated July 3, 2007, are "primarily or predominantly of a legal character" (*Rossi v Blue Cross & Blue Shield of Greater N.Y.*, 73 NY2d 588, 594 [1989]; *cf. Cooper-Rutter Assoc. v Anchor Natl. Life Ins. Co.*, 168 AD2d 663 [1990]). Although an attorney's affidavit supplied by defense counsel states that "[t]he questions presented involve items about which [the attorney] provided legal advice to" unnamed employees, a large number of the questions posed by the plaintiffs' counsel sought information about Politzi's own personal knowledge. Accordingly, the matter must be remitted to the Supreme Court, Westchester County, for an in camera inspection of answers, to be supplied by Politzi in writing, that are responsive to the disputed deposition questions posed by the plaintiffs' counsel at Politzi's deposition regarding the letter dated July 3, 2007, and for a new determination thereafter of the defendants' motion for a protective order. Angiolillo, J.P., Florio, Belen and Roman, JJ., concur.