OPINION OF THE COURT
Arthur M. Diamond, J.
Plaintiffs’ motion for an order pursuant to CPLR 3124 compelling the defendants to produce the redacted portions of the electronic claims diary and letters from counsel to defendant is decided as set forth herein.
Plaintiffs commenced this action against the defendant insurers to pay out on a claim filed by plaintiffs under the property and casualty insurance policy issued by defendant Encompass Indemnity Company for a 1977 40-foot Tollycraft marine vessel that was allegedly vandalized at the dry dock located at A1 Grover’s High & Dry Marina. Plaintiffs served the first set of interrogatories (notice of motion, exhibit E) upon defendants. In response, defendants produced a redacted electronic claims diary as part of defendants’ claim file. (Notice of motion, exhibit G.) Defendants aver that the redacted information is protected by the attorney-client privilege. According to defendants, counsel was retained in October 2005 to advise defendant with respect to its rights under a boat policy with plaintiffs and to otherwise provide legal advice, and conduct an examination under oath of the insured. Defendants did not hire an investigator. Plaintiffs state in their reply papers that the electronic claims diary consists of entries made to the claims file by defendants’ employees as reflected by the deposition testimony of Terrence Frasier. Furthermore, plaintiffs assert that there is no attorney-client privilege because retained counsel’s investigation of the claim is not privileged, and the proper party for exercising the attorney-client privilege is the plaintiff insured, and not the defendant insurer.
In order to raise a valid claim of attorney-client privilege, the party seeking to withhold the information must show that it was a “confidential communication” made between the attorney *391 and the client in the context of legal advice or services. Documents which are “not primarily of a legal character, but [express] substantial nonlegal concerns” are not privileged. However, “[s]o long as the communication is primarily or predominantly of a legal character, the privilege is not lost merely by reason of the fact that it also refers to certain nonlegal matters” (Bertalo’s Rest. v Exchange Ins. Co., 240 AD2d 452, 454 [2d Dept 1997]; Rossi v Blue Cross & Blue Shield of Greater N.Y., 73 NY2d 588, 594 [1989]).
Defendants’ claim that the internal discovery conducted by retained counsel, such as the examination under oath of the insured, is protected by the attorney-client privilege is clearly misplaced. First, in a dispute between the insurer and the insured pertaining to an underlying claim, the claims file is generally not privileged material and the insurer cannot claim confidentiality against the insured. (Diamond State Ins. Co. v Utica First Ins. Co., 37 AD3d 160 [2007]; Woodson v American Tr. Ins. Co., 280 AD2d 328 [1st Dept 2001]; Firemen’s Ins. Co. of Newark, N. J. v Gray, 41 AD2d 863 [1973].) Second, as stated by the Second Department in Bombard v Arnica Mut. Ins. Co. (11 AD3d 647, 648 [2004]):
“ ‘[T]he payment or rejection of claims is a part of the regular business of an insurance company. Consequently, reports which aid it in the process of deciding which of the two indicated actions to pursue are made in the regular course of its business’ (Landmark Ins. Co. v Beau Rivage Rest., 121 AD2d 98, 101 [1986] [internal quotation marks omitted]). Reports prepared by insurance investigators, adjusters, or attorneys before the decision is made to pay or reject a claim are thus not privileged and are discoverable (see Landmark Ins. Co. v Beau Rivage Rest., supra at 101; see also Bertalo’s Rest. v Exchange Ins. Co., 240 AD2d 452, 454 [1997]; Roman Catholic Church of Good Shepherd v Tempco Sys., 202 AD2d 257, 258 [1994]; Paramount Ins. Co. v Eli Constr. Gen. Contr., 159 AD2d 447 [1990]), even when those reports are ‘mixed/multi-purpose’ reports, motivated in part by the potential for litigation with the insured (see Landmark Ins. Co. v Beau Rivage Rest., supra at 102; see also McKie v Taylor, 146 AD2d 921 [1989]).”
Merely because such an investigation was undertaken by attorneys will not cloak the reports and communications with *392 privilege (see Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d 371, 377 [1991]) because the reports, although prepared by attorneys, are prepared as part of the “regular business” of the insurance company. (Bertalo’s Rest. v Exchange Ins. Co., 240 AD2d 452, 454-455 [1997].) Moreover, evaluating the extent of potential liability of the insured, which would necessarily include assessment of damages, is within the ordinary course of business of an insurance company, and therefore is not privileged even though it has been conducted by retained counsel to perform examinations under oath. (Westhampton Adult Home v National Union Fire Ins. Co of Pittsburgh Pa., 105 AD2d 627, 628 [1st Dept 1984].)
Therefore, those communications which occurred before the date that the defendants had reasonable grounds to reject the claim (see Landmark Ins. Co. v Beau Rivage Rest. at 101) are not immune from discovery.
However, this court disagrees with plaintiffs’ contention that the attorney-client privilege belongs to the plaintiff insureds and not the defendant insurers. That situation is only present where the insurer retains counsel to defend an insured in litigation, normally involving motor vehicle accident cases; then the attorney’s paramount client is the insured, and not the insurer. (Feliberty v Damon, 72 NY2d 112, 120 [1988]; Tudor Ins. Co. v McKenna Assocs., 2003 WL 21488058, 2003 US Dist LEXIS 10853 [SD NY, June 25, 2003, No. 01-Civ-0115 (DAB/ JCF)].) As the Court of Appeals has stated in Feliberty, the insurer has a duty to defend an insured which, by its very nature, is a delegable duty in which the insurer must rely on independent counsel to conduct the litigation. The paramount interest independent counsel represents is the insured, not the insurer. Therefore, in a duty to defend action where defendant insurer is being sued by insured for acting in bad faith when it denied its insured a defense in a personal injury action, assertion by the insurer of the attorney-client privilege to avoid discovery of materials respecting the handling of the claim by retained counsel was rejected because the attorney-client privilege properly inured to the benefit of the insured. (Woodson v American Tr. Ins. Co., 280 AD2d 328 [2001].)
In the extant action, the defendant insurers do not have any duty to defend the insured. Counsel was retained by defendants not for purposes of determining the duty to defend the insured in a personal injury action, but rather as counsel to investigate and give legal advice to the insurer as to legitimacy of a claim *393 for property damage asserted by plaintiffs under the property and casualty insurance policy. Here, the paramount interest counsel represents is the property casualty insurer. Therefore, the assertion of the attorney-client privilege is properly with the insurer and not the insured.
Accordingly, the court will conduct an in camera inspection of the redacted electronic claims diary and letters from counsel to defendants, in order to establish if they consist primarily of reports made by the employees of the insurer or attorneys who conducted the investigation of the claim on behalf of the defendant carrier, and communications from the carrier to those attorneys. If they are primarily reports of an investigation of plaintiffs’ claim, then they are discoverable even though prepared by counsel.
Defendants shall provide said documentation to the court for an in camera review within seven days from the date of this order.