In an action, inter alia, to recover damages for breach of an insurance policy, the defendants appeal from an order of the Supreme Court, Nassau County (Diamond, J.), entered August 1, 2012, which, after an in camera review, granted that branch of the plaintiffs’ motion which was to compel them to produce an unredacted copy of an electronic claims diary and certain letters from the defendants’ counsel to the defendants.
Ordered that the order is affirmed, with costs.
The defendants issued a policy insuring the plaintiffs’ boat, and the plaintiffs made a claim under that policy asserting that the boat had been vandalized. The defendants denied the claim. The plaintiffs commenced this action, inter alia, to recover damages for breach of the insurance policy, and moved, among other things, to compel the defendants to produce an unredacted copy *795 of an electronic claims diary prepared by an employee of the defendants, as well as certain letters from the defendants’ counsel to the defendants. The material sought by the plaintiffs had been created prior to the defendants’ denial of the claim, and the defendants’ counsel drafted the letters while counsel conducted an investigation of the claim on behalf of the defendants. In opposition to the motion, the defendants argued that the material was protected by the attorney-client privilege (see CPLR 3101 [a], [b]; 4503 [a]). After conducting an in camera inspection, the Supreme Court granted the subject branch of the plaintiffs’ motion. The defendants appeal.
CPLR 3101 (a) broadly mandates “full disclosure of all matter material and necessary in the prosecution or defense of an action.” This provision is liberally interpreted in favor of disclosure (see Kavanagh v Ogden Allied Maintenance Corp., 92 NY2d 952, 954 [1998]; Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968]; Ural v Encompass Ins. Co. of Am., 97 AD3d 562, 566 [2012]; Matter of Skolinsky, 70 AD3d 845 [2010]). A party asserting that material sought in disclosure is privileged bears the burden of demonstrating that the material it seeks to withhold is immune from discovery (see Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d 371, 377 [1991]; Koump v Smith, 25 NY2d 287, 294 [1969]; Ural v Encompass Ins. Co. of Am., 97 AD3d at 566; New York Mar. & Gen. Ins. Co. v Sirius Am. Ins. Co., 83 AD3d 1019, 1019 [2011]; Bombard v Arnica Mut. Ins. Co., 11 AD3d 647, 648 [2004]; All Waste Sys. v Gulf Ins. Co., 295 AD2d 379, 380 [2002]).
“[T]he payment or rejection of claims is a part of the regular business of an insurance company. Consequently, reports which aid it in the process of deciding which of the two indicated actions to pursue are made in the regular course of its business. Reports prepared by insurance investigators, adjusters, or attorneys before the decision is made to pay or reject a claim are thus not privileged and are discoverable, even when those reports are mixed/multi-purpose reports, motivated in part by the potential for litigation with the insured” (Bombard v Arnica Mut. Ins. Co., 11 AD3d at 648 [citations and internal quotation marks omitted]; see Sigelakis v Washington Group, LLC, 46 AD3d 800, 800-801 [2007]; Brooklyn Union Gas Co. v American Home Assur. Co., 23 AD3d 190, 191 [2005]; Bertalo’s Rest. v Exchange Ins. Co., 240 AD2d 452, 454-455 [1997]; Agovino v Taco Bell 5083, 225 AD2d 569, 571 [1996]; Landmark Ins. Co. v Beau Rivage Rest., 121 AD2d 98, 101 [1986]; see also Flex-O-Vit USA v Niagara Mohawk Power Corp., 281 AD2d 980, 981 [2001]).
*796 Here, after the in camera review, the Supreme Court properly directed disclosure, as the materials sought by the plaintiffs were prepared as part of the defendants’ investigation into the claim, and were not primarily and predominantly of a legal character. Therefore, the defendants failed to meet their burden of establishing that the materials sought by the plaintiffs were immune from discovery because they were protected by the attorney-client privilege (see Bertalo’s Rest. v Exchange Ins. Co., 240 AD2d at 454; cf. Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d 371 [1991]; All Waste Sys. v Gulf Ins. Co., 295 AD2d 379 [2002]). Mastro, J.P., Balkin, Leventhal and Lott, JJ., concur. [Prior Case History: 37 Misc 3d 389.]