This memorandum is uncorrected and subject to revision before publication in the New York Reports.
--------------------------------------------------------------

No. 214  SSM 17
Estee Lauder Inc.,
          Respondent,
        v.
OneBeacon Insurance Group, LLC,
et al.,
          Appellants.

        Submitted by Harry Lee, for appellants.
        Submitted by John W. Schryber, for respondent.
        Century Indemnity Company, <u>amicus</u> <u>curiae</u>.

MEMORANDUM:

        The order of the Appellate Division should be reversed, with costs, the order of Supreme Court reinstated, and the certified question answered in the negative.

        Analyzing the circumstances under the common-law waiver

- 1 -

standard, which requires an examination of all factors, defendants cannot be said to have waived their right to assert the late-notice defense as a matter of law by failing to specifically identify late notice in their disclaimer letters. Defendants identified the late-notice defense in early communications with plaintiff before relying on a reservation of rights in two disclaimer letters. "[U]nder common-law principles, triable issues of fact exist whether defendants clearly manifested an intent to abandon their late-notice defense" (Keyspan Gas E. Corp. v Munich Reins. Am., Inc., 23 NY3d 583, 591 [2014]). Accordingly, Supreme Court properly granted defendants' motion for leave to amend their answer to reassert the affirmative defense of late notice.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

On review of submissions pursuant to section 500.11 of the Rules (22 NYCRR 500.11), order reversed, with costs, order of Supreme Court, New York County, reinstated, and certified question answered in the negative, in a memorandum. Chief Judge DiFiore and Judges Pigott, Rivera, Abdus-Salaam, Stein, Fahey and Garcia concur.

Decided September 15, 2016