■ Bonnie Swanson et al., Respondents, v Allstate Insurance Company, Appellant. [55 NYS3d 408]—

In an action, inter alia, for a judgment declaring that a certain insurance policy issued by the defendant to the plaintiffs provided coverage for a loss resulting from a fire at premises owned by the plaintiffs, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Hudson, J.), dated September 28, 2015, as denied that branch of its motion which was for summary judgment declaring that there is no coverage under the subject policy for the subject loss and, upon searching the record, awarded the plaintiffs summary judgment dismissing the defendant's third affirmative defense.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendant's motion which was for summary judgment declaring that there is no coverage under the subject policy for the subject loss is granted, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that the subject policy does not provide coverage for the subject loss.

The plaintiffs owned certain improved real property that they used as rental property. Following a period of approximately six months, during which the premises was vacant and unoccupied, it sustained substantial damage as the result of a fire. The plaintiffs made a claim for the loss pursuant to a "Landlords Package Policy" that had been issued to them by the defendant. The defendant denied the claim, and the plaintiffs commenced this action, inter alia, for a declaration that the loss was covered under the policy.

The defendant then moved for summary judgment, inter alia, declaring that the policy did not cover the loss, relying upon a vandalism exclusion, which provided, in relevant part: "[w]e do not cover loss to the property . . . consisting of, or caused by . . . [v]andalism. However, we do cover sudden and accidental direct physical loss caused by fire resulting from vandalism unless your dwelling has been vacant or unoccupied for more than 90 consecutive days immediately prior to the vandalism."

The policy defined "vandalism" as "willful or malicious conduct resulting in damage or destruction of property."

In the order appealed from, the Supreme Court, inter alia, denied that branch of the defendant's motion which was for summary judgment declaring that the policy did not cover the loss and, upon searching the record, awarded the plaintiffs summary judgment dismissing the affirmative defense based on the vandalism exclusion. The court reasoned that under Insurance Law § 3420 (d), the defendant effectively waived any reliance upon the vandalism exclusion by failing to include it as a ground for denial of coverage in the letter of disclaimer it initially sent to the plaintiffs. We reverse the order insofar as appealed from.

Contrary to the Supreme Court's determination, Insurance Law § 3420 (d) expressly applies only to claims involving death and bodily injury, and has no application to claims for property damage such as the one in the present case (*see KeySpan Gas E. Corp. v Munich Reins. Am., Inc.*, 23 NY3d 583, 589 [2014]; *Provencal, LLC v Tower Ins. Co. of N.Y.*, 138 AD3d 732, 734 [2016]; *Key Fat Corp. v Rutgers Cas. Ins. Co.*, 120 AD3d 1195, 1197 [2014]; *Legum v Allstate Ins. Co.*, 33 AD3d 670 [2006]). Moreover, the defendant is not precluded from invoking the vandalism exclusion under the common-law principles of waiver or estoppel (*see generally KeySpan Gas E. Corp. v Munich Reins. Am., Inc.*, 23 NY3d at 590-591), since the plaintiffs have adduced no evidence that the defendant intentionally relinquished its right to rely on that exclusion or lulled the plaintiffs into sleeping on their rights and thereby prejudiced them by its conduct (*see generally Estee Lauder Inc. v OneBeacon Ins. Group, LLC*, 28 NY3d 960, 961 [2016]; *New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 323 [1995]; *Provencal, LLC v Tower Ins. Co. of N.Y.*, 138 AD3d at 734; *Miller v Allstate Indem. Co.*, 132 AD3d 1306, 1308 [2015]; *Bertalo's Rest. v Exchange Ins. Co.*, 240 AD2d 452, 454 [1997]; *Brown v State Farm Ins. Co.*, 237 AD2d 476, 477 [1997]; *Sulner v G.A. Ins. Co. of N.Y.*, 224 AD2d 205, 206 [1996]).

The defendant established its prima facie entitlement to judgment as a matter of law on the coverage issue by submitting the findings of a town fire investigator, a county police arson squad investigator, and a private fire investigator retained by the defendant, all of whom determined that the fire was intentionally set. Accordingly, the setting of the fire constituted "willful or malicious conduct resulting in damage or destruction of property" within the definition of "vandalism" under the policy (*see Capek v Allstate Indem. Co.*, 138 AD3d

666, 667 [2016]). Moreover, the defendant submitted the deposition testimony of the plaintiffs, in which they admitted that the subject premises had been vacant and unoccupied for more than 90 consecutive days immediately preceding the fire loss. In opposition, the plaintiffs failed to raise a triable issue of fact.

The plaintiffs' current claim of bad faith on the part of the defendant, raised for the first time on appeal, is not properly before this Court (*see e.g. Tulino v Tulino*, 148 AD3d 755 [2017]; *Salcedo v Demon Trucking, Inc.*, 146 AD3d 839 [2017]; *Pontes v F&S Contr., LLC*, 146 AD3d 829 [2017]).

Accordingly, that branch of the defendant's motion which was for summary judgment declaring that the loss is not covered under the policy should have been granted, and we remit the matter to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, making that declaration (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Mastro, J.P., Chambers, Roman and Connolly, JJ., concur.