Saran v Chelsea GCA Realty Partnership, L.P. (2019 NY Slip Op 05710)





Saran v Chelsea GCA Realty Partnership, L.P.


2019 NY Slip Op 05710


Decided on July 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
CHERYL E. CHAMBERS
ROBERT J. MILLER, JJ.


2016-12664
 (Index No. 1658/15)

[*1]Gurinder Paul Saran, appellant,
v Chelsea GCA Realty Partnership, L.P., et al., respondents.


Condon & Associates, PLLC, Nanuet, NY (Amy M. Mara of counsel), for appellant.
Riker Danzig Scherer Hyland & Perretti, LLP, New York, NY (Michael R. O'Donnell of counsel), for respondents.



DECISION & ORDER
In an action for a judgment declaring the rights of the parties with respect to certain leased premises, the plaintiff appeals from an order of the Supreme Court, Orange County (Elaine Slobod, J.), dated October 25, 2016. The order granted the defendants' cross motion pursuant to CPLR 3103 for a protective order suppressing certain emails inadvertently disclosed to the plaintiff.
ORDERED that the order is reversed, on the law, with costs, and the defendants' cross motion pursuant to CPLR 3103 for a protective order suppressing certain emails inadvertently disclosed to the plaintiff is denied.
The defendants own and operate the Woodbury Common Premium Outlets (hereinafter the mall). The plaintiff operates an Au Bon Pain store in the food court at the mall pursuant to a lease with the defendants. In December 2014, the defendants informed the plaintiff that, as part of an extensive renovation and expansion of the mall, they were relocating the entire food court. The plaintiff would not agree to relocate his store, and in March 2015, he commenced this action for a judgment declaring the parties' rights with regard to the lease.
In June 2015, the defendants inadvertently disclosed to the plaintiff certain allegedly confidential and privileged emails, including emails between the defendants' CEO and in-house counsel. The defendants subsequently made a cross motion pursuant to CPLR 3103 for a protective order suppressing the emails. After an in camera inspection, the Supreme Court granted the defendants' cross motion, and the plaintiff appeals.
CPLR 3101(b) provides that, "[u]pon objection by a person entitled to assert the privilege, privileged matter shall not be obtainable." The attorney-client privilege protects "any confidential communications between an attorney and his or her client made for the purpose of obtaining or facilitating legal advice in the course of a professional relationship" (Ambac Assur. Corp. v Countrywide Home Loans, Inc., 27 NY3d 616, 623). Unless the client waives the privilege, evidence of a confidential communication shall not be disclosed in any action (see CPLR 4503[a][1]).
The privilege applies to communications from client to attorney, made for the purpose of obtaining legal advice, directed to an attorney who has been consulted for that purpose, and to communications from attorney to client, made for the purpose of facilitating the rendition of legal advice or services, in the course of a professional relationship (see Rossi v Blue Cross & Blue Shield of Greater N.Y., 73 NY2d 588, 593; Cross Bay Contr. Corp. v Town of Islip Resouce Recovery Agency, 238 AD2d 461). The critical inquiry is whether the communications are primarily and predominately of a legal character and, in their full content and context, were made to render legal advice or services to the client (see Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d 371, 379; Teran v Ast, 164 AD3d 1496, 1498).
Because the privilege obstructs the truth-finding process, its scope is limited to that which is necessary to achieve its purpose (see Rossi v Blue Cross & Blue Shield of Greater N.Y., 73 NY2d at 593). Furthermore, because in-house counsel may serve as company officers, with mixed business and legal responsibility, and their involvement in the company may blur the line between legal and nonlegal communications, there is a heightened need to apply the privilege cautiously and narrowly in the case of in-house counsel, lest the mere participation of an attorney be used to seal off disclosure (see id. at 592-593).
Here, the defendants failed to meet their burden of establishing a right to protection of the subject emails (see Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d at 377). The communications relate to the business of the defendants, rather than legal issues (see Cooper-Rutter Assoc. v Anchor Natl. Life Ins. Co., 168 AD2d 663), and nothing stated by in-house counsel in the emails sets him apart as a legal advisor in the discussion. The affidavits of the defendants' CEO and in-house counsel, submitted in support of the cross motion, merely state in a conclusory manner that the communications were confidential and privileged. The defendants point to no particular communication in which in-house counsel gave legal advice, or in which the defendants' other employees sought legal advice from in-house counsel.
The parties' remaining contentions are without merit.
Accordingly, the Supreme Court should have denied the defendants' cross motion for a protective order suppressing the emails.
RIVERA, J.P., BALKIN, CHAMBERS and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court