■ HERBERT M. REEVE, Individually, and as Administrator of the Estate of TERREL A. REEVE, Deceased, Respondent, v PAUL H. DITTINGER, Appellant. (Action No. 1.) EILEEN L. RULAND, as Administratrix of the Estate of WALTER F. RULAND, Deceased, Respondent, v PAUL H. DITTINGER, Appellant. (Action No. 2.) (And a Third Action.)—In consolidated negligence actions to recover damages for wrongful death, etc., arising out of an automobile accident, the appeal is from an order of the Supreme Court, Suffolk County, dated April 20, 1977, which denied the motion of defendant Dittinger for summary judgment in Actions Nos. 1 and 2. Order affirmed, with one bill of $50 costs and disbursements jointly to respondents, on the opinion of Mr. Justice Stark at Special Term. Latham, J. P., Cohalan, Damiani and Hawkins, JJ., concur.

■ ROCKWOOD NATIONAL CORPORATION et al., Plaintiffs, v PEAT, MAR-WICK, MITCHELL & Co., Defendant and Third-Party Plaintiff-Appellant. JAMES E. TOWNSEND et al., Defendants and Third-Party Defendants-Respondents.—In an action to recover damages resulting from alleged accounting malpractice, defendant Peat, Marwick, Mitchell & Co. (hereinafter PMM) appeals (by permission), as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Westchester County, dated July 15, 1977, as directed (1) the continued pretrial examination of Joseph Boyle and (2) that he "answer those propounded questions to which objections had been raised, and answers not elicited, and those objections are reserved for trial of the action." The appeal also brings up for review so much of a further order of the same court, dated August 10, 1977, as, upon reargument, adhered to the original determination. Appeal from the order dated July 15, 1977 dismissed as academic. That order was superseded by the order made upon reargument. Order dated August 10, 1977 modified by adding thereto, after the provision adhering to the original determination, the following: "except that at the pretrial examination of Joseph Boyle inquiry shall not be permitted into conversations between Mr. Boyle and PMM employees in New Orleans which were relevant to the investigation of the instant matter and which were held at the direction of PMM's house counsel, and conversations between Mr. Boyle and other PMM employees, the contents of which were communicated to house counsel, to the extent that any of the above conversations may be said to have pertained to house counsel's advice to PMM of its legal position herein." As so modified, order affirmed insofar as reviewed. Appellant is awarded one bill of $50 costs and disbursements payable by respondents. Privileged matter is not discoverable (see CPLR 3101; *Cirale v 80 Pine St. Corp.*, 35 NY2d 113, 117). Accordingly, the Special Term herein erred in applying the holding of *Johnson v New York City Health & Hosps. Corp.* (49 AD2d 234, 237) to the extent that it did. The above-described conversations which PMM seeks not to have disclosed at the pretrial examination of Joseph Boyle are protected from disclosure by the attorney-client privilege (see CPLR 4503; *Allied Artists Picture Corp. v Raab Prods.*, 38 AD2d 537; *United States v Kovel*, 296 F2d 918, 921). Rabin, J. P., Titone, Suozzi and Mollen, JJ., concur.