■ JACOB M. LEHMAN et al., Respondents, v SHLOMO PIONTKOWSKI, Appellant. — In an action to enforce a restrictive covenant contained in an employment agreement, defendant appeals from an order of the Supreme Court, Suffolk County (Underwood, J.), dated April 6, 1981, which denied his motion to compel plaintiff Jacob M. Lehman and David Feigert, Esq., a nonparty witness, to answer certain questions at their depositions upon oral examination, and to produce for inspection and copying certain memoranda and other written materials of deponent, David Feigert, upon the ground that the requested communications and information were privileged materials and, therefore, not subject to disclosure. Leave to appeal from that part of the order which denied that branch of defendant's motion which was to compel plaintiff Jacob M. Lehman *et al.* to answer certain questions at an examination before trial is granted by Justice Weinstein (see *Siegal v Arnao,* 61 AD2d 812). Order affirmed, with $50 costs and disbursements. After an *in camera* inspection of the materials requested by defendant, Special Term determined that the communications and memoranda were privileged information, attorney's work product and material prepared for litigation (see CPLR 4503, subd [a]; 3101, subds [b], [c], [d]). We agree with Special Term insofar as the conversations between plaintiff Lehman and his counsel Feigert were confidential communications protected from disclosure by the attorney-client privilege (see CPLR 4503, subd [a]; 3101, subd [b]; *Upjohn Co. v United States,* 449 US 383; *Rockwood Nat. Corp. v Peat, Marwick, Mitchell & Co.,* 60 AD2d 837). Defendant, a 40% shareholder in plaintiff corporation, urges that this court adopt the reasoning of the Fifth Circuit in *Garner v Wolfinbarger* (430 F2d 1093, cert den *sub nom. Garner v First Amer. Life Ins. Co.,* 401 US 974). That court, faced with the invocation of the attorney-client privilege by a corporation in a

shareholder derivative suit, stated (pp 1103-1104) "where the corporation is in suit against its stockholders on charges of acting inimically to stockholder interests, protection of those interests as well as those of the corporation and of the public require that the availability of the privilege be subject to the right of the stockholders to show cause why it should not be invoked in the particular instance". The public policy considerations which influenced the Fifth Circuit are not present here. Plaintiffs' claims, as well as defendant's counterclaims, are based on the employment agreement and the restrictive covenant therein. They do not represent typical shareholder claims found in derivative suits such as those in *Garner v Wolfinbarger (supra),* which involved alleged violations of State and Federal security laws and common-law fraud. Finally, we agree with Special Term's determination with respect to the memoranda of Mr. Feigert. They are the work product of an attorney and, therefore, protected from disclosure (see CPLR 3101, subd [c]; *Upjohn Co. v United States, supra).* Gulotta, J.P., Margett, Weinstein and Thompson, JJ., concur.