1415, LLC v New York Mar. & Gen. Ins. Co. (2020 NY Slip Op 01589)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

1415, LLC v New York Mar. & Gen. Ins. Co.

2020 NY Slip Op 01589

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-11913
(Index No. 603155/16)

[*1]1415, LLC, appellant, 
vNew York Marine & General Insurance Company, respondent, et al., defendants.

Jacobson & Schwartz, LLP, Jericho, NY (Gary R. Schwartz of counsel), for appellant.
Kennedys CMK LLP, New York, NY (Ann Odelson and Alexandra R. Kearse of counsel), for respondent.

DECISION & ORDER
In an action for declaratory relief, the plaintiff appeals from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered September 25, 2018. The order denied the plaintiff's motion pursuant to CPLR 3126 to strike the answer of the defendant New York Marine & General Insurance Company for failure to comply with discovery demands and granted that defendant's cross motion pursuant to CPLR 3103 for a protective order.
ORDERED that the order is affirmed, with costs.
The plaintiff, 1415, LLC (hereinafter 1415 LLC), contracted with the defendant Park Developers and Builders, Inc. (hereinafter Park Developers), to perform renovations on a residential building in Brooklyn. As part of the agreement, Park Developers named 1415 LLC as an additional insured on a liability policy with the defendant New York Marine & General Insurance Company (hereinafter New York Marine). In January 2014, one of Park Developers' employees commenced a personal injury action against 1415 LLC, alleging violations of the Labor Law. 1415 LLC answered the complaint in the personal injury action and sought defense and indemnification from New York Marine. New York Marine did not respond to 1415 LLC's multiple requests.
In February 2015, 1415 LLC commenced a third-party action to the personal injury action, seeking indemnification from Park Developers. New York Marine provided counsel to Park Developers in the third-party action beginning on July 14, 2015. New York Marine disclaimed coverage to 1415 LLC in the personal injury action on April 6, 2016, on the ground that 1415 LLC had violated conditions to coverage. 1415 LLC then commenced this action seeking a judgment declaring that New York Marine is obligated to defend and indemnify it in the personal injury action.
During discovery, New York Marine objected to disclosure of its claim notes created after July 14, 2015, asserting that the notes were protected from disclosure based on the attorney-client privilege and as material prepared for litigation against 1415 LLC in the third-party action. 1415 LLC moved pursuant to CPLR 3126 to strike New York Marine's answer for failure to comply with discovery demands. New York Marine cross-moved pursuant to CPLR 3103 for a protective order with respect to the withheld material. After conducting an in camera review of the withheld material, the Supreme Court denied the motion and granted the cross motion. 1415 LLC appeals.
While CPLR 3101(a) provides for full disclosure of "all matter material and necessary in the prosecution or defense of an action," this principle is limited by CPLR 3101(b) and (c), which [*2]make "privileged matter" and "attorney's work product" absolutely immune from discovery (see Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d 371, 377-378; Rossi v Blue Cross & Blue Shield of Greater N.Y., 73 NY2d 588, 593-594). In addition, pursuant to CPLR 3101(d)(2), material that is prepared in anticipation of litigation "is subject to a conditional privilege, and, thus, is subject to disclosure only by a party's showing that he or she is in substantial need of the material and is unable to obtain the substantial equivalent of the material by other means without undue hardship" (Teran v Ast, 164 AD3d 1496, 1498; see CPLR 3101[d][2]).
Upon our in camera inspection, we agree with the Supreme Court's determination that the withheld material was protected by the attorney-client privilege and was privileged material prepared for litigation. Generally, the payment or rejection of claims is part of the regular business of an insurance company, and, thus, reports prepared by insurance investigators, adjusters, or attorneys before the decision is made to pay or reject a claim are not privileged and are discoverable (see Advanced Chimney, Inc. v Graziano, 153 AD3d 478, 480; Melworm v Encompass Indem. Co., 112 AD3d 794, 795; Bombard v Amica Mut. Ins. Co., 11 AD3d 647, 648). While the material 1415 LLC seeks from New York Marine was prepared before the determination to reject 1415 LLC's claim for defense and indemnification in the personal injury action, the withheld material concerns the defense of Park Developers in the third-party action brought by 1415 LLC. It consists of communications with the attorney representing Park Developers in the third-party action and other information relating to the defense of the third-party action. Thus, under the circumstances, New York Marine demonstrated that the withheld material should not be disclosed (see VGFC Realty II, LLC v D'Angelo, 114 AD3d 765, 766; McClier Corp. v United States Rebar, Inc., 66 AD3d 416; All Waste Sys. v Gulf Ins. Co., 295 AD2d 379, 380; Grotallio v Soft Drink Leasing Corp., 97 AD2d 383).
Accordingly, we agree with the Supreme Court's determination denying 1415 LLC's motion to strike New York Marine's answer and granting New York Marine's cross motion for a protective order.
MASTRO, J.P., LEVENTHAL, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court