S.E. v Diocese of Brooklyn (2025 NY Slip Op 04228)

S.E. v Diocese of Brooklyn

2025 NY Slip Op 04228

Decided on July 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
LILLIAN WAN, JJ.

2024-07071
 (Index No. 506289/20)

[*1]S.E., respondent, 
v
Diocese of Brooklyn, defendant-appellant, et al., defendant; Patrick Sexton, nonparty-appellant.

Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success, NY (Robert M. Ortiz and Timothy M. Gallagher of counsel), for defendant-appellant.
White & McSpedon, P.C., New York, NY (Bruce L. Steinowitz of counsel), for nonparty-appellant.
Pfau Cochran Vertetis Amala PLLC, New York, NY (Anelga Doumanian of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for negligent hiring, retention, and supervision and intentional infliction of emotional distress, the defendant Roman Catholic Diocese of Brooklyn, New York, sued herein as Diocese of Brooklyn, appeals, and nonparty Patrick Sexton separately appeals, from an order of the Supreme Court, Kings County (Sabrina B. Kraus, J.), dated July 29, 2024. The order, insofar as appealed from by the defendant Roman Catholic Diocese of Brooklyn, New York, sued herein as Diocese of Brooklyn, denied its motion, in effect, to vacate so much of an order of the same court dated April 25, 2024, as directed the production of certain pages of that defendant's clergy file for Patrick Sexton, and pursuant to CPLR 3103(a) for a protective order with respect to those pages of the clergy file. The order, insofar as appealed from by nonparty Patrick Sexton, denied his motion to vacate so much of the order dated April 25, 2024, as directed the production of certain pages of the clergy file, and pursuant to CPLR 3103(a) for a protective order with respect to those pages of the clergy file.
ORDERED that the order dated July 29, 2024, is modified, on the law, by deleting the provision thereof denying those branches of the motion of the defendant Roman Catholic Diocese of Brooklyn, New York, sued herein as Diocese of Brooklyn, which were to vacate so much of the order dated April 25, 2024, as directed the disclosure of pages PDS000348-000350 and the penultimate paragraph on page PDS000414 of the clergy file for Patrick Sexton concerning a conversation between certain church members, among others, and Joe Farrell, and pursuant to CPLR 3103(a) for a protective order with respect to those portions of the clergy file, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from by the defendant Roman Catholic Diocese of Brooklyn, New York, sued herein as Diocese of Brooklyn; and it is further,
ORDERED that the order dated July 29, 2024, is affirmed insofar as appealed from by nonparty Patrick Sexton; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff payable by the defendant Roman Catholic Diocese of Brooklyn, New York, sued herein as Diocese of Brooklyn, and nonparty Patrick Sexton.
The plaintiff commenced this action pursuant to the Child Victims Act (see CPLR 214-g) against, among others, the Roman Catholic Diocese of Brooklyn, New York, sued herein as Diocese of Brooklyn (hereinafter the Diocese), to recover damages for personal injuries he alleged he sustained in connection with sexual abuse perpetrated upon him by nonparty Patrick Sexton while Sexton was employed by the Diocese in 1988 and 1989 when the plaintiff was a child. The complaint asserted causes of action sounding in negligent hiring, retention, and supervision and intentional infliction of emotional distress. The complaint alleged, among other things, that the Diocese knew or should have known of Sexton's propensity to abuse children.
As part of discovery, the Diocese served a second supplemental response to standard automatic disclosures, a redacted copy of Sexton's clergy file, and a privilege log. In response to an order of the Supreme Court dated September 21, 2023, the Diocese provided, inter alia, an unredacted copy of the clergy file for an in camera review. In an order dated April 24, 2024 (hereinafter the April 2024 order), the court ordered the Diocese to provide unredacted copies of certain pages of the clergy file to the plaintiff.
Thereafter, the Diocese moved, in effect, to vacate so much of the April 2024 order as directed the production of certain pages of its clergy file for Sexton, and pursuant to CPLR 3103(a) for a protective order with respect to those pages of the clergy file. Sexton moved to vacate so much of the April 2024 order as directed the production of certain pages of the clergy file, and pursuant to CPLR 3103(a) for a protective order with respect to those pages of the clergy file. In an order dated July 29, 2024, the Supreme Court denied the motions. The Diocese appeals, and Sexton separately appeals.
"'Parties are entitled to disclosure of all matter material and necessary to prosecution of the action'" (Wadolowski v Cohen, 99 AD3d 793, 794 [internal quotation marks omitted], quoting Matter of Skolinsky, 70 AD3d 845, 845; see CPLR 3101[a]). "[A]ny matter which may lead to the discovery of admissible proof is discoverable, as is any matter which bears upon a defense, even if the facts themselves are not admissible" (Holloway v Orthodox Church in Am., 232 AD3d 773, 774 [internal quotation marks omitted]; see Cajamarca v Osatuk, 163 AD3d 619, 620). "The test is one of usefulness and reason" (Diaz v Minhas Constr. Corp., LLC, 188 AD3d 812, 813 [internal quotation marks omitted]; see Pulgarin v Richmond, 219 AD3d 1356, 1358). "'A party asserting that material sought in disclosure is privileged bears the burden of demonstrating that the material it seeks to withhold is immune from discovery'" (Coads v Nassau County, 231 AD3d 906, 908 [internal quotation marks omitted], quoting Wasserman v Amica Mut. Ins. Co., 193 AD3d 795, 797). Personnel records generally are discoverable where, as here, a plaintiff alleges a cause of action to recover damages for negligent hiring, retention, or supervision (see Holloway v Orthodox Church in Am., 232 AD3d at 774; Blanco v County of Suffolk, 51 AD3d 700, 701-702).
Contrary to the Diocese's contention, identified portions of the clergy file were not subject to redaction based on protections afforded to religious institutions under the First Amendment of the United States Constitution. A court may properly preside over a dispute involving a religious body only when the dispute may be resolved utilizing neutral principles of law (see New Hope Christian Church, Inc. v Parks, 236 AD3d 669, 670; Madireddy v Madireddy, 66 AD3d 647, 648). As the Supreme Court properly determined, the documents were not sought to evaluate or resolve an internal religious dispute but, instead, to prove that the Diocese had knowledge of Sexton's propensity to abuse children (see Maida v Diocese of Brooklyn, 2023 WL 2139769, *2, 2023 NY Misc LEXIS 10356, *4-5 [Sup Ct, Kings County, No. 523967/20]; see generally Kenneth R. v Roman Catholic Diocese of Brooklyn, 229 AD2d 159, 165).
Additionally, the Supreme Court properly determined that identified portions of the clergy file were not subject to redaction based on CPLR 4505, the "priest-penitent" privilege, as the Diocese and Sexton failed to establish that such documents were related to a communication that Sexton "made in confidence and for the purpose of obtaining spiritual guidance" (People v Carmona, [*2]82 NY2d 603, 609; see Matter of Keenan v Gigante, 47 NY2d 160, 166). Contrary to the contentions of the Diocese and Sexton, certain portions of the clergy file were not subject to redaction pursuant to CPLR 4504, the physician-patient privilege, and CPLR 4507, the client-psychologist privilege (see Matter of Farrow v Allen, 194 AD2d 40, 44).
However, the Supreme Court should have granted those branches of the Diocese's motion which were to vacate so much of the April 2024 order as directed the production of pages PDS000348-000350 and the penultimate paragraph on page PDS000414 of the clergy file concerning a conversation between certain church members, among others, and Joe Farrell, an attorney, and pursuant to CPLR 3103(a) for a protective order with respect to those portions of the clergy file. These portions of the clergy file were protected, respectively, by the attorney work product privilege and the attorney-client privilege (see 1415, LLC v New York Mar. & Gen. Ins. Co., 181 AD3d 629, 631; Lehman v Piontkowski, 84 AD2d 759, 760).
The parties' remaining contentions are without merit.
DUFFY, J.P., MILLER, CHRISTOPHER and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court