■ 232 BROADWAY CORP., Respondent, v NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION, Appellant.—In an action to recover proceeds due under the terms of a fire insurance policy, the defendant appeals from so much of an order of the Supreme Court, Kings County (Hurowitz, J.), dated October 5, 1989, as denied its motion to quash the subpoenas issued by the plaintiff's attorney which sought the oral depositions of certain expert witnesses and directed those depositions.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's motion to quash the subpoenas seeking the oral depositions of Thomas J. Russo and of a representative of J.S. Held, Inc., is granted.

The Supreme Court erred in determining that special circumstances exist such that the oral deposition of the defendant's expert witnesses are warranted *(see,* CPLR 3101 [d] [1] [iii]). Contrary to the Supreme Court's decision, the "special circumstances" requirement of CPLR 3101 (d) (1) (iii) (dealing with expert witnesses), unlike its counterpart formerly found in CPLR 3101 (a) (4) (dealing generally with nonexpert, nonparty witnesses), is more than a "nominal" barrier to discovery *(see, Rosario v General Motors Corp.,* 148 AD2d 108, 113), and a conclusory allegation that such discovery is necessary to fully prepare for litigation is insufficient to establish that requirement. Here, where there has been no showing that the physical evidence inspected by the defendant's experts, which consists of a building owned by and in the possession and control of the plaintiff, was lost, destroyed, or otherwise rendered unavailable to the plaintiff prior to the time that the plaintiff had the incentive to have its own experts inspect the evidence, we find that the deposition of the defendant's experts is unwarranted *(cf., Rosario v General Motors Corp., supra).* Brown, J. P., Sullivan, Eiber and O'Brien, JJ., concur.