■ STEPHEN E. TEDESCO et al., Respondents, v DRY-VAC SALES, INC., Defendant, and BRUNO-SHERMAN CORPORATION et al., Defendants and Third-Party Plaintiffs. HARRIS CORPORATION, Third-Party Defendant-Appellant, et al., Third-Party Defendant. (And a Fourth-Party Action.) [611 NYS2d 321] —Casey, J. Appeal from an order of the Supreme Court (Best, J.), entered August 31, 1993 in Fulton County, which denied a motion by third-party defendant Harris Corporation for an order compelling plaintiffs' expert witness to submit to an examination before trial and to produce certain documents.

The additional discovery sought by third-party defendant Harris Corporation from plaintiffs' expert in this case is based on a claim of special circumstances *(see,* CPLR 3101 [d] [1] [iii]). The underlying action arose in July 1986 when plaintiff Stephen E. Tedesco (hereinafter plaintiff) was allegedly seriously injured while operating a certain leather embossing press which had been leased to the injured plaintiff's employer. After the accident, the subject machine was disassembled and resold to an entity in South America. Harris contends that it never had an opportunity to examine the subject machine which was allegedly manufactured by it. Harris does have in its possession a video tape of the subject machine which purportedly depicts the machine in its operating condition and which was made after the accident. Supreme Court denied the motion and Harris appeals.

We reverse. CPLR 3101 (d) (1) (iii) provides for further disclosure by court order upon a showing of "special circum-

stances". The unavailability of the physical evidence after its inspection by an expert for only one side has been held to be "special circumstances" in every instance under the present statute that warrants disclosure from the expert himself, his opinion excepted *(see, Rosario v General Motors Corp.,* 148 AD2d 108, 113). Therefore, Harris is entitled to depose plaintiffs' expert on the facts, materials, examinations and tests he conducted in rendering his opinion. Nevertheless, the expert's opinion does not have to be disclosed *(see, supra).*

Cardona, P. J., Mercure, White and Weiss, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion granted to the extent that plaintiffs are directed to produce their expert for the limited examination before trial described in this Court's decision.