■ THE HARTFORD, as Subrogee for ERNEST JACKSON and Another, et al., Respondents, v BLACK & DECKER (U.S.) INC., Appellant and Third-Party Plaintiff-Appellant. MACCO ADHESIVES et al., Third-Party Defendants-Respondents. CONNIE J. FOSTER, Individually and as Administratrix of the Estate of CARLA ANN PEELMAN, Deceased, Respondent, v BLACK & DECKER (U.S.) INC., Appellant, and NIAGARA MOHAWK POWER CORPORATION et al., Respondents. KATHY JACKSON, Individually and as Administratrix of the Estates of SHANNON B. MURRAY and Another, Deceased, et al., Respondents, v BLACK & DECKER (U.S.) INC., Appellant, and EDWARD COLBURN et al., Respondents. [634 NYS2d 294] —Order unanimously modified on the law and in the exercise of discretion and as modified affirmed without costs in accordance with the following Memorandum: This consolidated action arises out of a fire that occurred on September 23, 1989, in which three children perished. Plaintiffs allege that the fire resulted from a defective coffeemaker manufactured by defendant and third-party plaintiff, Black & Decker (U.S.), Inc. (Black & Decker). Black & Decker appeals from an order denying its motion to depose two investigators who inspected the scene shortly after the fire and an electrical engineer who examined and tested the coffeemaker shortly after the fire on behalf of plaintiffs.

In our view, Black & Decker established that special circumstances exist to entitle it to limited depositions of plaintiffs' experts. The investigators were on the scene shortly after the fire, while Black & Decker's experts did not examine the scene until six months after the fire. The investigators' report, turned over to Black & Decker pursuant to a court order, reveals that the fire scene was altered to some extent during the investigation. The report of the engineer, turned over to Black & Decker pursuant to the same order, indicates that he disassembled the coffeemaker for testing. Consequently, Black & Decker's experts viewed the premises and the coffeemaker in an altered condition. That circumstance is sufficient to entitle Black & Decker to depose plaintiffs' experts *(see,* CPLR 3101 [d] [1] [iii]; *232 Broadway Corp. v New York Prop. Ins. Underwriting Assn.,* 171 AD2d 861; *Rosario v General Motors Corp.,* 148 AD2d 108, 113; *Brandes v Pettibone, Inc.,* 62 AD2d 1133). The inquiry at the depositions, however, will be limited strictly to the factual

circumstances of the observations of the experts and the procedures performed by them. Inquiring into the experts' opinions is prohibited *(see, Tedesco v Dry-Vac Sales,* 203 AD2d 873, 874; *Cepin v Cepin,* 66 AD2d 764, 765-766). Moreover, Black & Decker shall bear the costs associated with the limited depositions.

We deny Black & Decker's request to inquire into the qualifications of the experts at the depositions. Expert qualifications are discoverable *(see,* CPLR 3101 [d] [1] [i]), and if Black & Decker is dissatisfied with the adequacy of plaintiffs' response to its demand, it may serve a more detailed demand *(see, Jasopersaud v Tao Gyoun Rho,* 169 AD2d 184) or move to compel disclosure *(see,* CPLR 3124). (Appeals from Order of Supreme Court, Erie County, Whelan, J.—Discovery.) Present—Denman, P. J., Lawton, Doerr, Balio and Boehm, JJ.