(August 12, 1996)

■ ADAMS LIGHTING CORP., Appellant, v FIRST CENTRAL IN-SURANCE COMPANY, Respondent. [646 NYS2d 370] —In an action to recover the proceeds of a policy of commercial fire insur-ance, the plaintiff appeals from an order of the Supreme Court, Queens County (Rutledge, J.), dated May 8, 1995, which denied its motion to compel the defendant to produce five expert wit-nesses for depositions. The appeal brings up for review so much of an order of the same court, dated September 21, 1995, as, upon granting reargument, denied the relief requested as to three of the five expert witnesses.

Ordered that the appeal from the order dated May 8, 1995, is dismissed as that order was superseded by the order dated September 21, 1995, made upon reargument; and it is further,

Ordered that the order dated September 21, 1995, is affirmed, insofar as reviewed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The plaintiff's unsupported, conclusory assertions that it needed to depose the defendant's expert witnesses because the scene of the fire had allegedly been disturbed or contaminated by the defendant's investigators, or because unspecified evi-dence had been lost or destroyed, are patently insufficient and do not demonstrate the existence of special circumstances under the facts of this case *(see, 232 Broadway Corp. v New York Prop. Ins. Underwriting Assn.,* 171 AD2d 861; *cf., The Hartford v Black & Decker [U.S.],* 221 AD2d 986; *Tedesco v Dry-Vac Sales,* 203 AD2d 873; *Rosario v General Motors Corp.,* 148 AD2d 108). Indeed, the plaintiff had the opportunity to ex-amine three of these witnesses at the related criminal trial. Furthermore, the plaintiff's expert reportedly conducted a sep-arate investigation resulting in that expert's conclusion that the fire was not the result of arson. Nevertheless, the plaintiff has failed to identify a single piece of evidence that was alleg-edly lost, destroyed, or disturbed, or to provide any concrete evidence as to how its investigation was in any way hampered. Therefore, the court properly denied the plaintiff's motion.

We further note that upon granting the plaintiff's motion for reargument, the court ordered the defendant to produce two of its five requested experts, both of whom investigated the fire and concluded that it was incendiary in origin.

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Miller, J. P., Ritter, Santucci and Altman, JJ., concur.