■ FLEX-O-VIT USA, INC., Respondent, v NIAGARA MOHAWK POWER CORPORATION, Appellant, et al., Defendants. [722 NYS2d 671] —Order unanimously modified on the law and as modified affirmed with costs to defendant Niagara Mohawk Power Corporation in accordance with the following Memorandum: Plaintiff commenced this action seeking to recover for fire damage sustained to its manufacturing plant on or about July 4, 1995. Supreme Court erred in granting that part of plaintiff's motion seeking to quash the notice of Niagara Mohawk Power Corporation (defendant) to take the deposition of the representative of National Fire Adjustment Co., Inc. (NFA) who investigated the fire immediately after its occurrence and made an investigation report to General Accident, plaintiff's fire insurer and subrogee. "[T]he fact that [General Accident] originally hired the expert to investigate plaintiff['s] fire insurance claim rather than to provide expert testimony at trial neither deprives him of his status as an expert nor relieves [defendant] of the burden of showing special circumstances warranting the deposition" (*Russo v Quincy Mut. Fire Ins. Co.,* 256 AD2d 1164). Here, defendant established the requisite special circumstances. Defendant established that the fire debris was removed and rebuilding was under way by the time this action was commenced on July 2, 1996 and that neither defendants nor third-party defendant had access to the premises in the aftermath of the fire. Those circumstances are sufficient to warrant the deposition of the NFA representative, limited to that person's factual observations and procedures and excluding any inquiry regarding expert opinion (*see,* CPLR 3101 [d] [1] [iii]; *Hartford v Black & Decker,* 221 AD2d 986,

986-987; *Tedesco v Dry-Vac Sales,* 203 AD2d 873; *cf., Adams Light. Corp. v First Cent. Ins. Co.,* 230 AD2d 757).

The court further erred in granting that part of plaintiff's motion seeking to quash the subpoena duces tecum directing production of the fire investigation file of NFA and in denying defendant's cross motion to compel production of the cause and origin investigation file of a General Accident employee who was at the scene immediately following the fire. Those documents are discoverable pursuant to CPLR 3101 (a) (1), and plaintiff failed to establish that they were prepared solely for the purpose of litigation and thus immune from disclosure under the qualified privilege afforded by CPLR 3101 (d) (2) (*see, Carden v Allstate Ins. Co.,* 105 AD2d 1048; *Zampatori v United Parcel Serv.,* 94 AD2d 974, 975; *Hawley v Travelers Indem. Co.,* 90 AD2d 684).

We therefore modify the order by denying those parts of plaintiff's motion seeking to quash the deposition notice and subpoena duces tecum served upon NFA and by granting defendant's cross motion to compel production of the file of the General Accident employee. (Appeal from Order of Supreme Court, Erie County, Fahey, J.—Discovery.) Present—Green, J. P., Wisner, Hurlbutt and Lawton, JJ.