■ MARK C. REPKA, Appellant, v ARCTIC CAT, INC., Formerly Known as ARCTCO, INC., et al., Respondents, et al., Defendant. [753 NYS2d 635] —Appeal from an order of Supreme Court, Erie County (Joslin, J.), entered September 25, 2001, which, inter alia, denied plaintiff's motion to compel the deposition of and production of documents by Richard Hermance.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting plaintiff's motion to compel, within 60 days of the date of service of a copy of the order of this Court with notice of entry,

the deposition testimony of Richard Hermance concerning any relationship that he had with defendants Arctic Cat, Inc., formerly known as Arctco, Inc. and Arctic Sales, Inc., prior to the manufacture of the snowmobile at issue and to compel, within 30 days of the date of service of a copy of the order of this Court with notice of entry, the production by Richard Hermance of any documents concerning work that he performed for those defendants prior to such manufacture and providing that those defendants shall disclose, within 60 days of the date of service of a copy of the order of this Court with notice of entry, transcripts of all deposition and trial testimony of Fred Bernier and Bud Christopherson concerning track studs, carbide wear bars, braking or steering, or a failure to warn, given in actions in which it was alleged that inadequate track studs, carbide wear bars, braking or steering, or a failure to warn contributed to or caused a snowmobile accident and as modified the order is affirmed with costs to plaintiff.

Memorandum: Plaintiff, who was rendered a quadriplegic in a snowmobile accident, commenced this action asserting causes of action sounding in negligence, strict products liability, and breach of warranty against defendants, the snowmobile manufacturer Arctic Cat, Inc., formerly known as Arctco, Inc., the snowmobile distributor Arctic Sales, Inc. (collectively Arctic), and the snowmobile retailer. Plaintiff appeals from an order that, inter alia, denied his motion to compel the deposition of and production of documents by Richard Hermance, whom Arctic identifies as its accident reconstruction expert, retained specifically for purposes of this litigation, but whom plaintiff claims a right to depose either as an "agent" of Arctic or as a "nonparty witness." The order also granted Arctic's cross motion for a protective order in part and directed Arctic to disclose to plaintiff transcripts of all deposition and trial testimony given by two of Arctic's representatives, Fred Bernier and Bud Christopherson, in prior personal injury actions against Arctic "concerning track studs in which it is alleged that track studs contributed to or caused a snowmobile accident."

We agree with plaintiff that Supreme Court erred in denying his motion. Plaintiff established the requisite special circumstances warranting disclosure by Hermance as Arctic's expert witness (see CPLR 3101 [d] [1] [iii]; *Brooklyn Floor Maintenance Co. v Providence Washington Ins. Co.,* 296 AD2d 520, 521-522; *Flex-O-Vit USA v Niagara Mohawk Power Corp.,* 281 AD2d 980, 980; *The Hartford v Black & Decker [U.S.],* 221 AD2d 986, 986-987; *cf. Russo v Quincy Mut. Fire Ins. Co.,* 256

AD2d 1164; *Barnes v P & C Food Mkts.,* 132 AD2d 921, 922). We therefore modify the order by granting plaintiff's motion to compel, within 60 days of the date of service of a copy of the order of this Court with notice of entry, the deposition testimony of Hermance concerning any relationship that he had with Arctic prior to the manufacture of the snowmobile at issue, and to compel, within 30 days of the date of service of a copy of the order of this Court with notice of entry, the production by Hermance of any documents concerning work that he performed for Arctic prior to such manufacture.

We further agree with plaintiff that the court abused its discretion in granting that part of Arctic's cross motion seeking to preclude discovery of certain prior testimony of Arctic's representatives. Based upon our review of the theories of liability articulated by plaintiff, we further modify the order by providing that Arctic shall disclose, within 60 days of the date of service of a copy of the order of this Court with notice of entry, transcripts of all deposition and trial testimony of Bernier and Christopherson concerning track studs, carbide wear bars, braking or steering, or a failure to warn, given in actions in which it was alleged that inadequate track studs, carbide wear bars, braking or steering, or a failure to warn contributed to or caused a snowmobile accident. Present—Pigott, Jr., P.J., Pine, Wisner, Kehoe and Gorski, JJ.