■ OSWALDO COELLO, Respondent, v PROGRESSIVE INSURANCE COMPANY, Appellant. [774 NYS2d 706]—

Order, Supreme Court, Bronx County (George Salerno, J.), entered May 14, 2003, which, in an action by plaintiff insured against defendant automobile insurer to recover the value of an automobile allegedly stolen from plaintiff and subsequently recovered by the police in a total-loss condition, inter alia, granted plaintiff's motion to strike defendant's answer to the extent of precluding the person who examined plaintiff's vehicle, on the law and the facts, from testifying at trial unless

produced by defendant for deposition within 30 days, unanimously modified, on the law, to limit the deposition of said witness to that of a fact witness and, except as thus modified, affirmed, without costs or disbursements.

Plaintiff seeks the deposition of a forensic engineer who, according to defendant's expert disclosure statement, is expected to testify that he inspected the subject automobile and determined that its ignition system was intact and undamaged, and that the automobile therefore could only have been driven by its own ignition keys. Defendant was properly directed to produce this expert since he appears to be the only person ever to examine the automobile after its recovery and thus the only witness with personal knowledge of its condition at the relevant time (*see Flex-O-Vit USA v Niagara Mohawk Power Corp.*, 281 AD2d 980 [2001]). The testimony of the expert should, however, be limited to his factual observations regarding the condition of the automobile. There are no special circumstances that justify deposing him as to his expert opinion, i.e., his conclusions (*see id.*). We have considered defendant's other arguments and find them unavailing. Concur—Buckley, P.J., Sullivan, Ellerin, Williams and Gonzalez, JJ.