■ PEPSICO, INC., et al., Respondents-Appellants, v WINTERTHUR INTERNATIONAL AMERICA INSURANCE COMPANY, Appellant-Respondent, et al., Defendant. CRAWFORD AND COMPANY, Nonparty Appellant-Respondent. [786 NYS2d 356]—

In an action, inter alia, to recover damages for breach of contract, the defendant Winterthur International America Insurance Company and the nonparty, Crawford and Company, separately appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), entered December 5, 2003, as granted that branch of the plaintiffs' motion which was to compel production of all documents dated before June 17, 1999, including documents CR-PRIV00000015 and 16, and the plaintiffs cross-appeal from so

much of the same order as denied that branch of their motion which was to compel production of documents dated after June 17, 1999.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion which was to compel production of any document dated before June 17, 1999, including documents CR-PRIV00000015 and 16, withheld on the ground of the attorney-client privilege and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

"The burden of showing that specific material is conditionally immune from discovery under CPLR 3101 (d) because it was prepared solely in anticipation of litigation, is upon the party asserting the immunity" (*Landmark Ins. Co. v Beau Rivage Rest.*, 121 AD2d 98, 99 [1986]). Here, with respect to those documents withheld on the basis that they constituted materials prepared in anticipation of litigation, the defendant Winterthur International America Insurance Company (hereinafter Winterthur) and the nonparty, Crawford and Company (hereinafter Crawford), met their burdens with regard to the documents dated after June 17, 1999. Contrary to the parties' contention, the date Winterthur made a firm decision to disclaim coverage was June 17, 1999, the date of the Charles L. Stephens letter in which he wrote to the plaintiffs' insurance broker, "It is our view the above exclusion would bar coverage for the circumstances of the loss" (*see Landmark Ins. Co. v Beau Rivage Rest., supra*). We reject the contention of Winterthur and Crawford that a firm decision was made earlier and the plaintiff's contention that the decision was made later.

In view of the fact that the plaintiffs have withdrawn their objection to the withholding of documents by Winterthur and Crawford on the ground of the attorney-client privilege, any documents dated before June 17, 1999, withheld on that ground need not be produced, including documents identified as CR-PRIV00000015 and 16 in the privilege log. Santucci, J.P., H. Miller, Spolzino and Skelos, JJ., concur.