■ TRACY MCDONALD et al., Individually and as Administrators of the Estate of SHAQUANNA JACKSON, Deceased, et al., Respondents, v FINLEY's INC. et al., Appellants, et al., Defendant. [798 NYS2d 628]—

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered December 2, 2004. The order granted plaintiffs' cross motion and directed defendants Finley's Inc., Finley Cooperwood and John Miller to disclose an unredacted report prepared by their fire investigator and permitted plaintiffs to conduct an oral examination of the fire investigator limited to his factual findings.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the cross motion in part and providing that defendants Finley's Inc., Finley Cooperwood and John Miller shall disclose the report of their fire investigator with his opinions redacted and as modified the order is affirmed without costs.

Memorandum: Plaintiffs Tracy McDonald and Romaine Jackson, individually and as administrators of the estate of their infant daughter, Shaquanna Jackson, plaintiff Tracy McDonald, individually and as parent and natural guardian of Lakisha Moye, and Ferman Moye commenced this action to recover damages for personal injuries and the wrongful death of Shaquanna resulting from a fire at their residence. The expert, a fire investigator hired by Finley's Inc., Finley Cooperwood

and John Miller (defendants), was able to conduct an investigation prior to the demolition of the building two days after the fire, but plaintiffs' expert had no such opportunity.

Supreme Court properly granted plaintiffs' cross motion insofar as it sought an oral examination of defendants' expert, limited to his factual findings (*see Flex-O-Vit USA v Niagara Mohawk Power Corp.*, 281 AD2d 980 [2001]; *Tedesco v Dry-Vac Sales*, 203 AD2d 873, 874 [1994]). The court erred, however, in granting the cross motion insofar as it sought an unredacted report prepared by defendants' expert. Plaintiffs are entitled to factual data and test results contained in the expert's report, but not those parts of the report containing the expert's opinions (*see Perfido v Messina*, 125 AD2d 654 [1986]; *Stevens v Metropolitan Suburban Bus Auth.*, 117 AD2d 733 [1986]). We therefore modify the order accordingly. Present—Pigott, Jr., P.J., Green, Gorski, Smith and Hayes, JJ.