In an action to recover damages for personal injuries, the nonparty National Fire Insurance Company of Hartford appeals from an order of the Supreme Court, Richmond County (Maltese, J.), dated July 9, 2012, which denied its motion to quash a subpoena served upon it by the plaintiff. By decision and order on motion of this Court dated September 13, 2012, *666 enforcement of the order was stayed pending hearing and determination of the appeal.
Ordered that the order is modified, on the law, by adding thereto a provision directing that the subject cause and origin report shall be submitted to the Supreme Court, Richmond County, for an in camera review prior to being turned over to the plaintiff; as so modified, the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Richmond County, for further proceedings in accordance herewith.
In the course of battling a fire that began at the Richmond Garden Center (hereinafter the Garden Center), which was owned by the defendant Peter Fokas and located on property owned by the defendant Immanuel Lutheran Church (hereinafter the church), the plaintiff, a firefighter, was injured when an explosion occurred while he was venting the roof of the adjacent parish house, to which the fire had spread. The Garden Center was insured by the nonparty National Fire Insurance Company of Hartford (hereinafter National Fire). Within two days after the fire, the church’s subrogee filed a third-party claim against Fokas with National Fire, and Fokas filed a first-party claim with National Fire. One year after the fire, the plaintiff commenced the instant action against Fokas and the church, seeking to recover damages for negligence and pursuant to General Municipal Law § 205-a. In the course of the litigation, the plaintiff subpoenaed from National Fire, inter alia, the claims file associated with Fokas’s first-party claim, which included a cause and origin report regarding the fire prepared at National Fire’s behest by Rimkus Consulting Group. National Fire moved to quash the subpoena on the basis that the documents at issue were prepared in anticipation of litigation. The Supreme Court denied the motion.
It is well-established that “the mere fact that accident reports are compiled by a liability insurer does not ipso facto render the reports immune from disclosure” (Agovino v Taco Bell 5083, 225 AD2d 569, 570 [1996]). As the plaintiff correctly asserts, National Fire bore the burden of establishing that the subpoenaed documents were privileged as materials prepared in anticipation of litigation (see Koump v Smith, 25 NY2d 287, 294 [1969]; Ural v Encompass Ins. Co. of Am., 97 AD3d 562, 566 [2012]; New York Mar. & Gen. Ins. Co. v Sirius Am. Ins. Co., 83 AD3d 1019, 1019 [2011]; Agovino v Taco Bell 5083, 225 AD2d at 571). National Fire failed to do so.
“[T]he payment or rejection of claims is a part of the regular business of an insurance company. Consequently, reports which aid it in the process of deciding which of the two indicated ac *667 tions to pursue are made in the regular course of its business. Reports prepared by insurance investigators, adjusters, or attorneys before the decision is made to pay or reject a claim are thus not privileged and are discoverable, even when those reports are mixed/multi-purpose reports, motivated in part by the potential for litigation with the insured” (Bombard v Arnica Mut. Ins. Co., 11 AD3d 647, 648 [2004] [internal quotation marks and citations omitted]; see Sigelakis v Washington Group, LLC, 46 AD3d 800, 800-801 [2007]; Brooklyn Union Gas Co. v American Home Assur. Co., 23 AD3d 190, 191 [2005]; Bertalo’s Rest, v Exchange Ins. Co., 240 AD2d 452, 454-455 [1997]; Agovino v Taco Bell 5083, 225 AD2d at 571; Landmark Ins. Co. v Beau Rivage Rest., 121 AD2d 98, 101 [1986]; see also Flex-O-Vit USA v Niagara Mohawk Power Corp., 281 AD2d 980, 981 [2001]). “[I]n distinguishing between an expert’s report prepared in the regular course of business to aid an insurance carrier’s decision in evaluation of a claim and an expert’s report prepared exclusively for anticipated litigation, the date a firm decision to disclaim coverage is made is the relevant date, rather than the date a carrier has reason to investigate the legitimacy of the loss” (Landmark Ins. Co. v Beau Rivage Rest., 121 AD2d at 101; see Pepsico, Inc. v Winterthur Intl. Am. Ins. Co., 13 AD3d 601, 602 [2004]). Here, National Fire failed to specify when the decision was made whether or not to disclaim coverage with respect to the first-party claim brought by Fokas, its insured. Consequently, National Fire failed to establish that the cause and origin report at issue herein was immune from discovery. Despite the contentions of National Fire to the contrary, whether its interests and those of its insured are aligned is immaterial in determining whether the cause and origin report is subject to discovery (see e.g. 148 Magnolia, LLC v Merrimack Mut. Fire Ins. Co., 62 AD3d 486, 487 [2009]; Roman Catholic Church of Good Shepherd v Tempco Sys., 202 AD2d 257 [1994]; Commerce & Indus. Ins. Co. v Laufer Vision World, 225 AD2d 313 [1996]).
Moreover, “[s]ince the report was not prepared solely for litigation, CPLR 3101 (d) (2) does not apply and [the] plaintiff[ ] [was] under no obligation to justify disclosure of the report with a showing of undue hardship” (Commerce & Indus. Ins. Co. v Laufer Vision World, 225 AD2d at 314). However, the Supreme Court should have ensured that any opinions and conclusions contained in the subject report were redacted by examining it in camera (see Ural v Encompass Ins. Co. of Am., 97 AD3d at 566-567; McDonald v Finley’s Inc., 20 AD3d 900, 901 [2005]; Commerce & Indus. Ins. Co. v Laufer Vision World, 225 AD2d at 314; Pérfido v Messina, 125 AD2d 654 [1986]; cf. Smith v Ford Found., 231 AD2d 456 [1996]).
*668 National Fire’s conclusory assertions regarding the additional documents requested in the subpoena were insufficient to satisfy its burden of establishing that those documents were immune from discovery (see Ural v Encompass Ins. Co. of Am., 97 AD3d at 566; Bombard v Amica Mut. Ins. Co., 11 AD3d 647, 648 [2004]; Agovino v Taco Bell 5083, 225 AD2d at 571).
Because we find that National Fire failed to sustain its burden of establishing that the documents sought were exempt from disclosure, we need not reach its remaining contentions. Mastro, J.E, Leventhal, Lott and Roman, JJ., concur.