■ KLEIN VARBLE & ASSOCIATES, P.C., Respondent, v GINA DeCRESCENZO, Defendant. WILLIAM H. KELLY IV et al., Nonparty Appellants. [988 NYS2d 897]—

In an action, inter alia, to recover damages for breach of contract, the nonparties William H. Kelly IV and Frankie Perrone appeal from an order of the Supreme Court, Dutchess County (Pagones, J.), dated June 18, 2013, which denied their motion pursuant to CPLR 2304 to quash certain subpoenas served upon them by the plaintiff.

Ordered that the order is modified, on the facts, by adding thereto a provision limiting the scope of the disclosure under the subpoenas to the period of time after the defendant left the plaintiff's employ up to and including April 5, 2013; as so modified, the order is affirmed, with costs to the plaintiff.

Contrary to the contention of the nonparties, the plaintiff succeeded in establishing its entitlement to the requested disclosure based on its showing that the information sought is "material and necessary in the prosecution . . . of [its] action" (CPLR 3101 [a]; see *Matter of Kapon v Koch*, 23 NY3d 32 [2014]).

Moreover, the nonparties failed to sustain their burden (*see Matter of Priest v Hennessy*, 51 NY2d 62, 69 [1980]) of proving the existence of an attorney-client relationship between them and the defendant attorney so as to warrant the quashing of the subject subpoenas on the ground that they seek privileged material. However, in light of the plaintiff's concession in its appellate brief that it does not seek disclosure of any conversations that took place on or after April 6, 2013, the date upon which the nonparties retained new counsel, or in which their new counsel took part, we modify the order to limit the scope of the subpoenas accordingly. Mastro, J.P., Skelos, Cohen and LaSalle, JJ., concur.