Wasserman v Amica Mut. Ins. Co. (2021 NY Slip Op 02189)





Wasserman v Amica Mut. Ins. Co.


2021 NY Slip Op 02189


Decided on April 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2019-11151
 (Index No. 609572/17)

[*1]Helene Wasserman, et al., respondents,
v
Amica Mutual Insurance Company, appellant.


Brooks, Berne & Herndon PLLC, New York, NY (Nicole M. Varisco, Kelechi L. Ajoku, and Thomas H. Herndon of counsel), for appellant.
Pazer, Epstein, Jaffe & Fein, P.C., New York, NY (Matthew J. Fein of counsel), for respondents.



DECISION & ORDER
In an action, in effect, to recover damages for breach of contract and loss of consortium, the defendant appeals from an order of the Supreme Court, Nassau County (Sharon M. J. Gianelli, J.), entered September 11, 2019. The order, insofar as appealed from, (1) granted that branch of the plaintiffs' motion which was to compel the defendant to produce a copy of the file related to their supplementary underinsured/uninsured motorist coverage, and denied those branches of defendant's cross motion which sought a protective order, or, in the alternative, to permit an in camera review of the subject file by the Supreme Court prior to its disclosure, and (2) denied that branch of the defendant's cross motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging loss of consortium.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the defendant's cross motion which sought to permit an in camera review of the file related to the plaintiffs' supplementary underinsured/uninsured motorist coverage prior to its disclosure, and substituting therefor a provision granting that branch of the cross motion and directing that the subject file shall be submitted to the Supreme Court, Nassau County, for an in camera review prior to its disclosure to the plaintiffs, and (2) by deleting the provision thereof denying that branch of the defendant's cross motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging loss of consortium, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.
The plaintiffs, Helene Wasserman (hereinafter Helene) and Paul Wasserman (hereinafter Paul), commenced this action against the defendant, Amica Mutual Insurance Company (hereinafter Amica), asserting causes of action, in effect, to recover damages for breach of an insurance contract and loss of consortium. The complaint alleged, inter alia, that on February 4, 2017, Helene was struck by a motor vehicle owned and operated by nonparty Andrew D. Wray. The complaint further alleged that the plaintiffs had a personal automobile policy of insurance (hereinafter the policy) with Amica that included supplemental underinsured/uninsured motorist (hereinafter SUM) bodily injury coverage. The complaint alleged that Helene sustained serious [*2]injuries as a result of her accident, and the plaintiffs made a demand under the SUM provision in the policy, but Amica failed or refused to provide adequate compensation as required under the policy terms. Amica interposed an answer to the complaint.
The plaintiffs moved to strike Amica's answer, or, in the alternative, to compel Amica to produce a copy of the SUM file. Amica opposed the motion and cross-moved, inter alia, (1) for a protective order denying the production of the SUM file, or, in the alternative, permitting service of a privilege log or an in camera review of the SUM file by the Supreme Court prior to any disclosure, and (2) pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging loss of consortium.
By order entered September 11, 2019, the Supreme Court, inter alia, granted that branch of the plaintiffs' motion which was to compel Amica to produce the SUM file, and denied those branches of Amica's cross motion which sought a protective order or providing for an in camera review of the SUM file. The court also denied that branch of Amica's cross motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action for loss of consortium. Amica appeals. By decision and order on motion dated November 15, 2019, this Court, inter alia, stayed so much of the order as directed Amica to produce the SUM file pending hearing and determination of the appeal.
CPLR 3101(a) directs that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action." "A party asserting that material sought in disclosure is privileged bears the burden of demonstrating that the material it seeks to withhold is immune from discovery" (Melworm v Encompass Indem. Co., 112 AD3d 794, 795; see Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d 371, 377; Sigelakis v Washington Group, LLC, 46 AD3d 800, 800). Such burden is met "by identifying the particular material with respect to which the privilege is asserted and establishing with specificity that the material was prepared exclusively in anticipation of litigation" (Ural v Encompass Ins. Co. of Am., 97 AD3d 562, 566; see Cioffi v S.M. Foods, Inc., 142 AD3d 520, 522; New York Schools Ins. Reciprocal v Milburn Sales Co., Inc., 105 AD3d 716). "An attorney's affirmation containing conclusory assertions that requested materials are conditionally immune from disclosure pursuant to CPLR 3101(d)(2) as material prepared in anticipation of litigation, without more, is insufficient to sustain a party's burden of demonstrating that the materials were prepared exclusively for litigation" (Ligoure v City of New York, 128 AD3d 1027, 1029; see Peralta v New York City Hous. Auth., 169 AD3d 1071, 1074). "[W]hether a particular document is or is not protected is necessarily a fact-specific determination, most often requiring in camera review" (Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d at 378 [citation omitted]).
Here, the Supreme Court properly determined that Amica failed to meet its burden of establishing that the SUM file was immune from discovery. Amica's counsel's conclusory assertions that the SUM file constituted irrelevant information and/or material protected by attorney-client privilege or attorney work product were insufficient to meet Amica's burden (see Rickard v New York Cent. Mut. Fire Ins. Co., 164 AD3d 1590, 1592; Donohue v Fokas, 112 AD3d 665, 665-667; Ural v Encompass Ins. Co. of Am., 97 AD3d at 566-567). However, the court improvidently exercised its discretion in directing the disclosure of the entire SUM file without first requiring its production for an in camera review of the allegedly privileged documents (see Donohue v Fokas, 112 AD3d at 667; Ural v Encompass Ins. Co. of Am., 97 AD3d at 567). Accordingly, we remit the matter to the Supreme Court, Nassau County, to conduct an in camera review of the SUM file prior to its disclosure to the plaintiffs (see Donohue v Fokas, 112 AD3d at 667).
The Supreme Court also erred in denying that branch of Amica's motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging loss of consortium. The complaint, viewed in the light most favorable to the plaintiffs (see Leon v Martinez, 84 NY2d 83, 87-88), failed to set forth allegations sufficient to state a cause of action to recover damages for loss of consortium (see generally Klein v Metropolitan Child Servs., Inc., 100 AD3d 708, 711).
RIVERA, J.P., MILLER, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court