Bronstein v Omega Constr. Group, Inc. (2023 NY Slip Op 05487)

Bronstein v Omega Constr. Group, Inc.

2023 NY Slip Op 05487

Decided on November 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
JANICE A. TAYLOR, JJ.

2021-04870
 (Index No. 14650/12)

[*1]Peretz Bronstein, et al., respondents, 
v
Omega Construction Group, Inc., et al., defendants, George Guttman, et al., appellants.

Donovan Hatem, LLP, New York, NY (Stephen F. Willig of counsel), for appellants.
Mikhail Sheynker, Brooklyn, NY, for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence and breach of contract, the defendants George Guttman, Dimo Engineering, P.C., and Alex Rabinovich appeal from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated May 26, 2021. The order, insofar as appealed from, granted those branches of the plaintiffs' motion which were for a protective order, and, upon reargument, vacated so much of an order of the same court dated April 14, 2021, as granted that branch of the motion of the defendants George Guttman, Dimo Engineering, P.C., and Alex Rabinovich which was, in effect, to compel nonparty Atonucci & Associates Architects & Engineers, LLP, to comply with a subpoena, and thereupon, in effect, denied that branch of the motion of the defendants George Guttman, Dimo Engineering, P.C., and Alex Rabinovich.
ORDERED that the order dated May 26, 2021, is modified, on the law, the facts, and in the exercise of discretion, (1) by deleting the provision thereof granting those branches of the plaintiffs' motion which were for a protective order, and (2) by deleting the provision thereof, upon reargument, in effect, denying that branch of the motion of the defendants George Guttman, Dimo Engineering, P.C., and Alex Rabinovich which was, in effect, to compel nonparty Atonucci & Associates Architects & Engineers, LLP, to comply with a subpoena; as so modified, the order dated May 26, 2021, is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.
The plaintiffs commenced this action, inter alia, to recover damages for negligence and breach of contract against, among others, George Guttman, Dimo Engineering, P.C., and Alex Rabinovich (hereinafter collectively the defendants). The complaint's allegations concern renovation work performed on a home located in Brooklyn. The defendants served a subpoena duces tecum commanding the nonparty Atonucci & Associates Architects & Engineers, LLP (hereinafter AAAE), to produce certain documents. Subsequently, in an order dated April 14, 2021, the Supreme Court, among other things, granted that branch of the defendants' motion which was, in effect, to compel AAAE to comply with the subpoena. However, in an order dated May 26, 2021, the court, inter alia, granted those branches of the plaintiffs' motion which were for a protective order, and, upon reargument, vacated so much of the April 14, 2021 order as granted that branch of the defendants' motion which was, in effect, to compel AAAE to comply with the subpoena, and thereupon, in effect, denied that branch of the defendants' motion. The defendants appeal.
CPLR 3101(a) directs that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action." "The right to disclosure, although broad, is not unlimited" (Forman v Henkin, 30 NY3d 656, 661). "CPLR 3101 itself establishes three categories of protected materials, also supported by policy considerations: privileged matter, absolutely immune from discovery (CPLR 3101[b]); attorney's work product, also absolutely immune (CPLR 3101[c]); and trial preparation materials, which are subject to disclosure only on a showing of substantial need and undue hardship" (id. at 661-662 [internal quotation marks omitted]).
"A party asserting that material sought in disclosure is privileged bears the burden of demonstrating that the material it seeks to withhold is immune from discovery" (Wasserman v Amica Mut. Ins. Co., 193 AD3d 795, 797 [internal quotation marks omitted]). "[W]hether a particular document is or is not protected is necessarily a fact-specific determination, most often requiring in camera review" (Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d 371, 378 [citation omitted]).
In this particular case, we deem it appropriate to remit the matter to the Supreme Court to conduct an in camera review of the documents requested in the subpoena before it determines whether to compel compliance with the subpoena or to grant a protective order (see City of New York v Church St. Realty Assoc., 196 AD2d 698; James v Metro N. Commuter R.R., 166 AD2d 266, 268; see also Wasserman v Amica Mut. Ins. Co., 193 AD3d at 798; Donohue v Fokas, 112 AD3d 665, 667). To the extent the subpoena seeks nondocumentary discovery, it shall abide the court's determination rendered following in camera review of the documents. Thus, we modify accordingly the order dated May 26, 2021, and remit the matter to the Supreme Court, Kings County, for an in camera review of the documents requested in the subpoena and, thereafter, a new determination of those branches of the plaintiffs' motion which were for a protective order and that branch of the defendants' motion which was, in effect, to compel AAAE to comply with the subpoena.
DILLON, J.P., CHRISTOPHER, WOOTEN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court