Coads v Nassau County (2024 NY Slip Op 05039)

Coads v Nassau County

2024 NY Slip Op 05039

Decided on October 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2024-07814
 (Index Nos. 611872/23, 602316/24)

[*1]Hazel Coads, et al., respondents, 
v
Nassau County, et al., defendants-appellants, et al., defendants; Misha Tseytlin, et al., nonparty-appellants. (Action No. 1)
New York Communities for Change, et al., respondents,
v
County of Nassau, et al., defendants-appellants, et al., defendants; Misha Tseytlin, et al., nonparty-appellants. (Action No. 2)

Troutman Pepper Hamilton Sanders LLP, New York, NY (Bennet J. Moskowitz and Misha Tseytlin pro se of counsel), for defendants-appellants and nonparty-appellants.
Mejias Milgrim Alvarado & Lindo, P.C., Glen Cove, NY (David L. Mejias of counsel), for respondents in Action No. 1, and New York Civil Liberties Union Foundation, New York, NY (Perry M. Grossman, Terry T. Ding, Thomas W. Munson, and Rubin E. Danberg Biggs of counsel), for respondents in Action No. 2 (one brief filed).

DECISION & ORDER
In related actions for declaratory and injunctive relief, which were joined for discovery, Nassau County, a defendant in Action No. 1 and sued in Action No. 2 as County of Nassau, Nassau County Legislature, a defendant in Action Nos. 1 and 2, and Bruce Blakeman, Michael C. Pulitzer, and Howard J. Kopel, defendants in Action No. 2, appeal, nonparty Misha Tseytlin separately appeals, and nonparty Sean Trende separately appeals, from an order of the Supreme Court, Nassau County (Paul I. Marx, J.), entered August 13, 2024. The order, insofar as appealed from, in effect, upon resettlement of an order of the same court dated July 31, 2024, denied the separate motions of nonparties Misha Tseytlin and Sean Trende, joined by Nassau County, Nassau County Legislature, Bruce Blakeman, Michael C. Pulitzer, and Howard J. Kopel, to quash a subpoena served upon each of those nonparties and for a protective order and granted the application of the plaintiffs in Action Nos. 1 and 2 to compel nonparties Misha Tseytlin and Sean Trende to appear for depositions.
ORDERED that on the Court's own motion, the notices of appeal are deemed to be applications for leave to appeal, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order entered August 13, 2024, is affirmed insofar as appealed from, with costs.
In July 2023, Hazel Coads, among others, commenced an action against Nassau [*2]County and the Nassau County Legislature (hereinafter the Legislature), among others, for declaratory and injunctive relief (hereinafter Action No. 1). In February 2024, New York Communities for Change, among others, commenced an action against the County, the Legislature, Bruce Blakeman, Michael C. Pulitzer, and Howard J. Kopel (hereinafter collectively the defendants), among others, for declaratory and injunctive relief (hereinafter Action No. 2). The plaintiffs in Action Nos. 1 and 2 (hereinafter collectively the plaintiffs) alleged, inter alia, that, in February 2023, the Legislature adopted a new legislative district map that illegally favored Republican incumbent elected officials and diluted the voting strength of the County's Black, Latino, and Asian communities (see Election Law § 17-206[2]; Municipal Home Rule Law § 34[4][b], [e]). The actions were subsequently joined for the purpose of conducting discovery.
According to the plaintiffs, before the new map was adopted by the Legislature, nonparty Misha Tseytlin testified at a public hearing before the Legislature. The plaintiffs alleged, among other things, that Richard Nicolello, presiding officer of the Legislature, had retained Tseytlin's law firm, Troutman Pepper Hamilton Sanders, LLP (hereinafter Troutman Pepper), to draw the proposed map, that Tseytlin and Troutman Pepper drew the proposed map in consultation with Nicolello, and that Troutman Pepper relied on an analysis of nonparty Sean Trende for "two of the nine legal requirements."
Tseytlin and Trende were each served by the plaintiffs in Action No. 2 with a subpoena duces tecum and ad testificandum, and Tseytlin and Trende separately moved to quash the subpoena served upon each of them and for a protective order. The defendants joined the motions. In an order dated July 31, 2024, the Supreme Court denied the motions (hereinafter the July 2024 order). Thereafter, at a court appearance in August 2024, Tseytlin, as the defendants' counsel, made an oral application, in effect, to resettle the July 2024 order. Thereupon, the plaintiffs made an oral application to compel Tseytlin and Trende to appear for depositions. In an order entered August 13, 2024, the court, inter alia, (1) in effect, upon resettlement, denied the separate motions of Tseytlin and Trende to quash the subpoena served upon each of them and for a protective order, and (2) granted the plaintiffs' application to compel Tseytlin and Trende to appear for depositions (hereinafter the August 2024 order). Tseytlin, Trende, and the defendants separately appeal.
The August 2024 order did not decide a motion made on notice and, thus, is not appealable as of right (see CPLR 5701[a]). However, under the circumstances of this case, we deem the notices of appeal to be applications for leave to appeal and grant leave to appeal (see Ferrara v Longwood Cent. Sch. Dist., 225 AD3d 671, 672).
"The supervision of disclosure and the setting of reasonable terms and conditions therefor rests within the sound discretion of the trial court and, absent an improvident exercise of that discretion, its determination will not be disturbed" (Kopelevich & Feldsherova, P.C. v Geller Law Group, P.C., 222 AD3d 956, 958 [internal quotation marks omitted]).
"Pursuant to CPLR 3101(a)(4), a party may obtain discovery from a nonparty in possession of material and necessary evidence, so long as the nonparty is appraised of the circumstances or reasons requiring disclosure" (Cioffi v S.M. Foods, Inc., 178 AD3d 1003, 1005). "Testimony may be relevant and even highly useful but still not strictly necessary. A finding of necessity takes into account such factors as the significance of the matters, weight of the testimony, and availability of other evidence" (S & S Hotel Ventures Ltd. Partnership v 777 S.H. Corp., 69 NY2d 437, 446). "The words 'material and necessary' as used in [CPLR] 3101 must 'be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity'" (Matter of Kapon v Koch, 23 NY3d 32, 38, quoting Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406).
If a person fails to respond to or comply with any request, notice, interrogatory, demand, question, or order for disclosure under CPLR article 31, except a notice to admit under CPLR 3123, the party seeking disclosure may move to compel compliance or a response (see id. § 3124). "A party or nonparty moving to quash a subpoena has the initial burden of establishing either [*3]that the requested disclosure is utterly irrelevant to the action or that the futility of the process to uncover anything legitimate is inevitable or obvious" (Hersko v Hersko, 224 AD3d 813, 815 [internal quotation marks omitted]).
"'A party asserting that material sought in disclosure is privileged bears the burden of demonstrating that the material it seeks to withhold is immune from discovery'" (Wasserman v Amica Mut. Ins. Co., 193 AD3d 795, 797, quoting Melworm v Encompass Indem. Co., 112 AD3d 794, 795). "[T]he prospect that a witness may be asked questions at a deposition as to which an objection based on privilege may be asserted is not a proper reason for declining to appear for a deposition" (Jayne v Smith, 184 AD3d 557, 560).
Here, Tseytlin and Trende failed to establish that the requested disclosure was utterly irrelevant to the actions or that the futility of the process to uncover anything legitimate was inevitable or obvious (see Hersko v Hersko, 224 AD3d at 816; Jayne v Smith, 184 AD3d at 559). Tseytlin's public testimony demonstrates that his and Trende's personal knowledge was material and necessary within the meaning of CPLR 3101 (see Alumil Fabrication, Inc. v F.A. Alpine Window Mfg. Corp., 151 AD3d 667, 668), and the defendants failed to meet their burden of establishing that the testimony and documents sought in the subpoenas were privileged or otherwise exempt from discovery (see Wasserman v Amica Mut. Ins. Co., 193 AD3d at 798; Klein Varble & Assoc., P.C. v DeCrescenzo, 119 AD3d 655, 655). Moreover, the Supreme Court providently exercised its discretion in determining that legislative privilege did not preclude the discovery sought in the subpoenas (see Coads v Nassau County, ___ AD3d ___ [Appellate Division Docket No. 2024-07766; decided herewith]).
Accordingly, the Supreme Court providently exercised its discretion by, in effect, upon resettlement, denying the separate motions of Tseytlin and Trende to quash the subpoena served upon each of them and for a protective order, and providently exercised its discretion in granting the plaintiffs' application to compel Tseytlin and Trende to appear for depositions.
DUFFY, J.P., CHRISTOPHER, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court