Lannon v Everest Natl. Ins. Co.

2026 NY Slip Op 02259

April 15, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Steven W. Lannon, appellant,

v

Everest National Insurance Company, respondent, et al., defendant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 15, 2026

2025-00148, (Index No. 606589/19)

Hector D. Lasalle, P.J.

Cheryl E. Chambers

William G. Ford

James P. Mccormack, JJ.

Kujawski & Kujawski, Central Islip, NY (Mark C. Kujawski of counsel), for appellant.

Kennedys CMK LLP, New York, NY (Ann Odelson and Kristiana C. Zuccarini of counsel), for respondent.

[*1]

DECISION & ORDER

In an action for a declaratory judgment regarding insurance coverage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated December 6, 2024. The order denied the plaintiff's motion to compel the defendant Everest National Insurance Company to produce certain discovery and granted that defendant's cross-motion pursuant to CPLR 3103 for a protective order.

ORDERED that the order is affirmed, with costs.

On August 19, 2009, the plaintiff allegedly was injured in the course of his employment as a carpenter for nonparty McM Homes, Inc. (hereinafter McM), a subcontractor hired by the defendant Bay Creek Builders, LLC (hereinafter Bay Creek), a general contractor. The defendant Everest National Insurance Company (hereinafter Everest) had issued a general liability insurance policy to McM that was in effect at the time of the plaintiff's injury. In March 2010, the plaintiff commenced an action (hereinafter the underlying action) against Bay Creek, among others, asserting causes of action to recover damages for negligence and Labor Law violations. In February 2011, the plaintiff commenced an action for a judgment declaring the legal rights of several parties, including Everest, alleging that Everest failed to add Bay Creek as an additional insured under the insurance policy covering McM (hereinafter the prior declaratory judgment action). In an order dated June 14, 2012, the Supreme Court, inter alia, granted those branches of Everest's motion which were to dismiss the complaint in the prior declaratory judgment action insofar as asserted against it based on the plaintiff's lack of standing and to dismiss cross-claims asserted by Bay Creek against Everest. In November 2018, a judgment was entered in favor of the plaintiff and against Bay Creek in the underlying action, after Bay Creek defaulted in that action.

In April 2019, the plaintiff commenced this action for a declaratory judgment, alleging, inter alia, that McM was to add Bay Creek as an additional insured. Everest moved, among other things, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it, arguing, inter alia, that the action was barred by the doctrines of res judicata and collateral estoppel. In an order dated June 4, 2020, the Supreme Court, among other things, granted that branch of Everest's motion. The plaintiff appealed and this Court reversed, determining that Everest failed to [*2]provide a judgment on the merits that determined that Everest need not indemnify Bay Creek (see Lannon v Everest Natl. Ins. Co., 212 AD3d 798, 799). Thereafter, the plaintiff moved to compel Everest to produce the underwriting file for the policy and the full, unredacted "notes report" for any and all claims involving the plaintiff. Everest cross-moved pursuant to CPLR 3103 for a protective order. The Supreme Court denied the plaintiff's motion and granted Everest's cross-motion. The plaintiff appeals.

CPLR 3101(a) directs that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action." "The right to disclosure, although broad, is not unlimited" (Bronstein v Omega Constr. Group, Inc., 221 AD3d 577, 578 [internal quotation marks omitted]). "The words, material and necessary, are . . . to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial" (Harrington v New York City Tr. Auth., 223 AD3d 787, 788 [internal quotation marks omitted]). "However, the principle of full disclosure does not give a party the right to uncontrolled and unfettered disclosure, and the trial courts have broad power to regulate discovery to prevent abuse" (id. [internal quotation marks omitted]; see McAlwee v Westchester Health Assoc., PLLC, 163 AD3d 547, 548). "It is incumbent on the party seeking disclosure to demonstrate that the method of discovery sought will result in the disclosure of relevant evidence or is reasonably calculated to lead to the discovery of information bearing on the claims" (State Farm Mut. Auto. Ins. Co. v RLC Med., P.C., 150 AD3d 1034, 1035 [internal quotation marks omitted]).

A court may issue a protective order "denying, limiting, conditioning or regulating the use of any disclosure device" to "prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts" (CPLR 3103[a]; see Orange & Rockland Utils., Inc. v County of Rockland, 206 AD3d 668, 669).

Here, the Supreme Court providently exercised its discretion in denying the plaintiff's motion to compel Everest to produce the underwriting file and the full, unredacted "notes report"and granting Everest's cross-motion pursuant to CPLR 3103 for a protective order. Where an insurance policy is unambiguous, extrinsic evidence of its meaning is not considered (see Allied World Ins. Co. v National Union Fire Ins. Co. of Pittsburgh, PA, 204 AD3d 512, 513; Nisari v Ramjohn, 85 AD3d 987, 989-990). Accordingly, the plaintiff failed to demonstrate that disclosure of the underwriting file will result in the disclosure of relevant evidence or that his demand was reasonably calculated to lead to the discovery of information bearing on his cause of action (see Orange & Rockland Utils., Inc. v County of Rockland, 206 AD3d at 669). Further, Everest demonstrated that the redacted portions of the "notes report" were privileged (see Teran v Ast, 164 AD3d 1496, 1498; Bombard v Amica Mut. Ins. Co., 11 AD3d 647, 648-649).

Although unauthorized surreplies containing new arguments generally should not be considered, the Supreme Court has the authority to regulate the motion practice before it, as well as the discretion to determine whether to accept late papers or even surreply papers for "good cause" (CPLR 2214[c]; see U.S. Bank Trust, N.A. v Rudick, 156 AD3d 841, 842; Gluck v New York City Tr. Auth., 118 AD3d 667, 668). Here, the court providently exercised its discretion in considering Everest's surreply (see Gluck v New York City Tr. Auth., 118 AD3d at 668; Hanscom v Goldman, 109 AD3d 964, 965).

LASALLE, P.J., CHAMBERS, FORD and MCCORMACK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court