Singh v BSC, LLC
2026 NY Slip Op 03465
June 3, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Pamela Singh, respondent,
v
BSC, LLC, et al., appellants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 3, 2026
2024-06000, (Index No. 502108/20)
Betsy Barros, J.P.
Barry E. Warhit
Lourdes M. Ventura
Donna-Marie E. Golia, JJ.

Marshall Dennehey P.C., New York, NY (Diane K. Toner of counsel), for appellants.
Kenneth J. Ready, Mineola, NY (John F. Ready of counsel), for respondent.

[*1]
DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated January 17, 2024. The order denied the defendants' motion, inter alia, to compel the plaintiff to provide authorizations to obtain certain records related to three motor vehicle accidents.
ORDERED that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof denying that branch of the defendants' motion which was to compel the plaintiff to provide authorizations to obtain certain records related to three motor vehicle accidents, and substituting therefor a provision granting that branch of the motion to the extent of directing the plaintiff to provide the defendants with authorizations to provide the subject records to the Supreme Court for an in camera inspection; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for an in camera inspection of the subject records to determine whether any information is contained within the records that is relevant to the issues in controversy in this action and, if so, for the entry of an order directing that such information, if any, shall be produced to the defendants.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when, on two separate occasions, she tripped and fell in the bedroom of her apartment in Brooklyn. In the plaintiff's bill of particulars, she alleged that she sustained an injury to her right knee as a result of these accidents.
During the plaintiff's deposition, she testified that she had previously been involved in two motor vehicle accidents, one of which occurred in July 2018 and caused her to sustain an injury to her right knee. After the plaintiff's deposition, the defendants learned that the plaintiff had been involved in three other motor vehicle accidents. The defendants demanded that the plaintiff provide authorizations for certain records related to these three motor vehicle accidents. Upon the plaintiff's refusal to provide these authorizations, the defendants moved, inter alia, to compel this discovery. In an order dated January 17, 2024, the Supreme Court denied the defendants' motion. The defendants appeal.
CPLR 3101(a) requires "full disclosure of all matter material and necessary in the prosecution or defense of an action." "Material and necessary information is that which is required [*2]to be disclosed because it bears upon the controversy at issue and will assist the requesting party in preparing for trial" (M.C. v Sylvia Marsh Equities, Inc., 103 AD3d 676, 678). "[A] party must provide duly executed and acknowledged written authorizations for the release of pertinent medical records under the liberal discovery provisions of the CPLR when that party has waived the physician-patient privilege by affirmatively putting his or her physical or mental condition in issue" (Cynthia B. v New Rochelle Hosp. Med. Ctr., 60 NY2d 452, 456-457 [citation and footnote omitted]; see Froehlich v Kimco Realty Corp., 207 AD3d 448, 449). "However, 'a party does not waive the physician-patient privilege with respect to unrelated illnesses or injuries'" (Froehlich v Kimco Realty Corp., 207 AD3d at 449, quoting Romance v Zavala, 98 AD3d 726, 728).
Here, the plaintiff placed her right knee injuries in controversy by alleging that her injuries were "aggravated, accelerated, and/or exacerbated" (see Hamed v Alas Realty Corp., 209 AD3d 628, 629; Nesbitt v Advanced Serv. Solutions, 173 AD3d 1056, 1058). However, it is impossible on this record, based upon, inter alia, the plaintiff's equivocal deposition testimony and statements, to determine whether the requested records are relevant to the issues in controversy. Thus, under these circumstances, we deem it appropriate to remit the matter to the Supreme Court, Kings County, for an in camera inspection of the requested records to determine whether any information is contained within the records that is relevant to the issues in controversy in this action and, if so, for the entry of an order directing that such information, if any, shall be produced to the defendants (see Bronstein v Omega Constr. Group, Inc., 221 AD3d 577, 578-579; Reid v Soults, 114 AD3d 921, 923).
BARROS, J.P., WARHIT, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court